**LOCAL 469 INTERNATIONAL BROTHERHOOD OF TEAMSTERS, etc., Plaintiff,**

v.

**HESS OIL & CHEMICAL CORP., Defendant.**

Civ. A. No. 1004–63.

United States District Court
D. New Jersey.

Feb. 19, 1964.

Friedland, Schneider & Friedland, by Edward A. Cohen, Jersey City, N. J., for plaintiff.

Wilentz, Goldman & Spitzer, by Alfred J. Hill, Perth Amboy, N. J., for defendant.

WORTENDYKE, District Judge.

In this action by plaintiff, a labor organization (Local 469), against defendant employer (Hess), jurisdiction is concededly delegated to this Court by Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Local 469 seeks specific performance of a collective bargaining agreement (Agreement) dated June 19, 1963 and presently effective between the parties, a true copy of which is annexed to the complaint. More specifically, the plaintiff asks the Court to require the defendant to arbitrate three certain grievances filed by employees of the defendant, each grievance having been filed upon a different date but resting upon similar bases. Article 23(a) of the Agreement provides a grievance procedure terminating in arbitration. It is conceded that the first two of the three steps prescribed for such procedure have been taken by or on behalf of the employees, and that Hess has denied the grievance at each step. It is further uncontradicted that, following the employer's denial of the grievance in the case of each of the three employees upon the second step of the grievance procedure, the plaintiff, through its attorneys, demanded arbitration in accordance with the provisions of the Agreement and that Hess refused to arbitrate, taking the position that the three grievances pending could not be jointly arbitrated but that a different arbitrator must be selected to hear and rule upon each grievance separately. Further efforts of the parties toward achieving an amicable resolution of their conflicting

positions were unsuccessful. The institution of the present action resulted.

The cause has come duly to issue by the filing of an answer in behalf of defendant, and the parties concede that a single question, appropriate for the Court's resolution is presented by the instant motion of the plaintiff for judgment on the pleadings and/or summary judgment. That question may be stated as follows: Can Local 469 compel Hess to arbitrate multiple grievances at the same time before the same arbitrator?

■ A brief has been submitted by each of the parties and arguments upon the motion have been heard and considered. No matters outside the pleadings have been presented on the motion. The Court is of the opinion that upon the pleadings themselves, including the exhibits annexed to the complaint, the plaintiff is entitled, under F.R.Civ.P. 12 (c) to judgment, as a matter of law, requiring the defendant to submit to arbitration both the issue of joint or separate hearing, and the merits of the grievances of the three employees which have been denied by the employer upon both of the first two steps of the grievance procedure prescribed by the Agreement upon which the present action is based.

Each grievance of which arbitration is sought consists of the failure of the employer to assign each employee certain overtime work to which he claimed to have been entitled under the provisions of paragraph 7 of the Agreement, which was in effect between the parties at the time of the accrual of each grievance. Each of the complaining employees contends that, on the date or dates in question, he was deprived of an overtime assignment to which, by reason of his seniority, he was entitled under the provisions of the Agreement.

The grievance procedure prescribed by the Agreement is set forth in Article 23 thereof, which provides that all complaints, disputes and/or grievances between employee and employer "concerning any condition or term of employment covered by" the Agreement, except as therein otherwise provided, should be promptly settled in the following order: (1) within 3 scheduled working days after the accrual of the grievance, it would be presented to the employer by the aggrieved employee and the shop steward and be immediately adjusted between the employee and the employer's representative; (2) if not so settled, it would then be adjusted within 3 scheduled working days "thereafter" by an official of the union and a representative of the employer; and (3) if not settled as provided in the first and second steps, then within 7 scheduled working days "thereafter" the grievance would be processed for arbitration and submitted as soon as possible to an impartial arbitrator who shall hear and decide the matter as promptly as possible.

The alleged failure of the employer to assign each employee to overtime work, in accordance with his seniority, would constitute a violation of the requirements of paragraph 7 of the Agreement and create a grievance in behalf of each of the three employees, which would then become subject to the grievance procedure prescribed by Article 23. In each instance, the first two of the required three steps in the prescribed grievance procedure had been taken by and in behalf of each of the three employees and resulted in a denial of his grievance by the employer. Each employee, therefore, has become entitled to arbitration as the third step in the grievance procedure. The plaintiff, as collective bargaining representative of all three of the aggrieved employees, has duly demanded of the employer that the respective grievances be arbitrated, but the employer has refused to arbitrate these grievances collectively and takes the position that each of the three grievances must be arbitrated separately, before a different arbitrator.

The parties agree that the three grievances are arbitrable, within the meaning of Article 23 of the Agreement. The only disputes are (1) whether the plaintiff, Local 469, can demand that the three

grievances be heard jointly by one arbitrator and (2) whether that question must be determined by this Court or by an arbitrator.

The Court is not concerned with, and therefore may not consider, the merits, if any, of any of the grievances. Whether the grievances should be heard singly and separately or jointly and collectively is a procedural matter for which no provision is to be found in the Agreement. Careful scrutiny of the provisions of the Agreement fails to disclose any provision thereof forbidding joint arbitration of several grievances.

■ The law applicable to the issue presented by the instant motion is that which has been fashioned by the Federal courts to govern the situation presented. Association of Westinghouse Salaried Employees, etc. v. Westinghouse Electric Corp., 3 Cir. 1960, 283 F.2d 93, citing Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972.

■ In the present case, as in Westinghouse, supra, and in United Steelworkers of America v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409, the interpretation of the collective bargaining agreement, which the plaintiff seeks to have enforced, is a problem which must be resolved by the arbitrator and not by this Court. The present case is peculiarly one for the resolution of an arbitrator, because the questions raised by the parties in this litigation have to do exclusively with the procedure to be followed before the arbitrator. Given the contractual requirement that a right to arbitration is available in each of the three separate grievances seeking adjustment, the absence of a provision in the collective bargaining agreement, either authorizing or proscribing a joinder of grievances for arbitration, necessarily renders the determination of the propriety of such joinder a matter for decision by the arbitrator who may be called upon to hear and resolve the merits of the grievances.

In United Steelworkers of America v. American Mfg. Co., 1960, 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403, it is held that the function of the Court is " * * * confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for."

The contract in the present case does not prescribe the identity or qualifications of an arbitrator to whom a grievance must be submitted as the third step in the procedure set up. The Agreement merely requires that "the grievance shall be processed for arbitration and shall be submitted as soon as possible to an impartial arbitrator * * *."

■ The question posed here is similar to that which would be presented to this Court upon the application of a party to consolidate two cases for trial under the provisions of Rule 42(a) of the Federal Rules of Civil Procedure. The criterion for consolidation under that Rule is the involvement in the cases of a common question of law or fact. Whether such consolidation should be allowed is a question for the Court, in its sound discretion, to determine. See Kelly v. Greer, 3 Cir. 1961, 295 F.2d 18. It is obvious that all three of the grievances referred to in the complaint in this action involve similar questions of fact and possibly also of law. The Court will take judicial notice that a joint hearing and determination by an arbitrator with respect to the three grievances will involve less delay and less expense than the aggregate of both involved in separate hearings of each. The convenience of the parties and the expedition of adjustment, looking to the early achievement of employment peace, are further considerations which would justify an arbitrator in determining that the three grievances should be heard together rather than

separately. This Court may not and will not deprive the arbitrator of the opportunity and obligation to determine that question. See Radio Corporation of America v. Association of Professional Engineering Personnel, 3 Cir. 1961, 291 F.2d 105, cert. den. 1961, 368 U.S. 898, 82 S.Ct. 174, 7 L.Ed.2d 93; International Telephone & Telegraph Corp. v. Local 400, etc., 3 Cir. 1961, 286 F.2d 329.

The plaintiff is entitled to judgment requiring the defendant to submit to one arbitrator, pursuant to Article 23 of the Agreement, the following questions: (1) should the three grievances be arbitrated separately or jointly; and (2) the merits of each grievance.

Present an appropriate order.