ROCHESTER TELEPHONE CORPORATION, Appellant,

v.

COMMUNICATION WORKERS OF AMERICA, Appellee.

No. 218, Docket 29124.

United States Court of Appeals Second Circuit.

Argued Dec. 4, 1964.

Decided Jan. 13, 1965.

238

Truman G. Searle, Nixon, Hargrave, Devans & Doyle, Rochester, N. Y. (Thomas G. Dignan, Rochester, N. Y., on brief), for appellant.

Richard Lipsitz, Lipsitz, Green & Fahringer, Buffalo, N. Y. (Kane & Koons, Washington, D. C., of counsel), for appellee.

Before FRIENDLY and SMITH, Circuit Judges, and BLUMENFELD, District Judge.*

PER CURIAM:

Rochester Telephone Corporation appeals from an order of the District Court for the Western District of New York which granted summary judgment to Communication Workers of America in an action by the latter to compel Rochester to arbitrate, under a collective bargaining contract, a grievance arising out of the discharge of an employee. The district court had jurisdiction of the action under § 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a); we have jurisdiction of the appeal under 28 U.S.C.

§ 1291, Farr & Co. v. Cia. Intercontinental de Navegacion, etc., 243 F.2d 342, 344–345 (2 Cir. 1957).

It is not disputed that the controversy over the discharge was within the collective bargaining agreement's broad provisions for the arbitration of disputes. Appellant's contention hinges on another clause:

"Notice of intention to arbitrate any grievance shall be given by either party to the other within sixty (60) calendar days of the date of the other party's answer at Step 3 of the grievance procedure or the grievance will be considered closed and the grieving party foreclosed from taking the grievance to arbitration."

The company's answer at Step 3 was filed on August 27, 1962, but the union did not give written notice of its intention to arbitrate until June 17, 1963. An affidavit by the president of the local asserted that in October, 1962, within 60 days of August 27, it sought, seemingly not in writing, an extension of the 60-day period pending an appeal by the employee from the criminal conviction the arrest leading to which had been a basis for his discharge, and that it made a request for arbitration, also apparently oral, on March 26, 1963, some three weeks after the conviction was reversed. On these facts the district judge held that the question of timely demand was for the arbitrator.

■■ Rochester seeks to distinguish the statement in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964)—"Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator" —on the basis that here the procedural questions do not "grow out of the dis-

* Sitting by designation.

pute" but are independent of it.[1] We do not, however, read the Supreme Court's opinion in Wiley to say that procedural defenses fall to the arbitrator only if factually related to the merits of the dispute, and our decision in Carey v. General Elec. Co., 315 F.2d 499, 501–504 (2 Cir. 1963), cert. denied, 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 179 (1964), is irreconcilable with any such view. As a second line of defense, the company stresses the contract language, not paralleled in the agreements in Wiley or in Carey, that failure to make timely demand shall mean not only that "the grievance will be considered closed" but that "the grieving party [will be] foreclosed from taking the grievance to arbitration." Assuming in Rochester's favor that a court will not order arbitration when the intended preclusive effect of a procedural provision and the fact of breach are both so plain that no rational mind could hurdle the barrier, cf. United Steelworkers of America, AFL–CIO v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582–583, 585, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); John Wiley & Sons, Inc. v. Livingston, supra, 376 U.S. at 557–558, 84 S.Ct. 909, we do not think Rochester meets that severe test. An arbitrator might—or might not—find, if the claims in the union's affidavit are established, that its October, 1962, request was in practical import an invocation of arbitration coupled with a suggestion that appointment of the arbitrator and a hearing be deferred until the employee's appeal was decided—an issue on which the history of the parties' arbitral dealings might throw significant light.

The judge inserted a provision in the order making clear that the company "shall be entitled to present before the arbitrator its defense that the plaintiff did not notice the case for arbitration in a timely manner * * *." The company asks us, if we should overrule its main contention, to direct the arbitrator to hear and determine the issue of timeliness in the first instance. Although such a course would, indeed, seem sensible, compare Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2 Cir. 1963), we perceive no need for directing it in this simple case.

Affirmed.

---

1. The company further calls attention in this context to the reference, in the preceding paragraph of the Wiley opinion, to "intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same questions on the same facts," and to Western Automatic Mach. Screw Co. v. International Union, United Automobile, etc., Workers, 335 F.2d 103 (6 Cir. 1964), adopting this formula.