**FITCHBURG PAPER COMPANY,**
Plaintiff,

v.

**Howard MacDONALD et al., Defendants**
(two cases).

**Civ. A. Nos. 64–502, 64–503.**

United States District Court
D. Massachusetts.

May 25, 1965.

Laurence Fordham, c/o Foley, Hoag & Eliot, Boston, Mass., for plaintiff.

Francis Ulman, Boston, Mass., Samuel Rothbard, c/o Rothbard, Harris & Oxfeld, Newark, N. J., for defendant.

FRANCIS J. W. FORD, District Judge.

These are two actions commenced in the state court and removed here by defendants brought by plaintiff corporation against the officers and members of a union representing its employees to resolve a dispute as to the arbitration of certain grievances. Plaintiff and the union have entered into a collective bargaining agreement effective from June 1, 1963 to September 1, 1965 which contained provisions for a procedure for the processing of grievances and for arbitration of disputes not settled by the grievance procedure.

The two grievances involved are those of one Tourville who complains that on March 19, 1964 another employee was improperly called in to do work he should have been asked to do, and of one Fors who complains that another employee has been transferred to a job to which he was entitled by seniority. Each of these complaints was separately processed through the grievance procedure and neither was resolved. The union

thereupon submitted a single document to the American Arbitration Association to commence a single arbitration proceeding covering both of these grievances and a third grievance which has since been resolved.

Plaintiff agrees that each of these grievances taken alone is a proper subject for arbitration within the terms of the contract. The only dispute between the parties is as to whether the union is entitled to have both grievances submitted to the same arbitration in a single arbitration proceeding or whether, as plaintiff contends, each must be made the subject of a separate arbitration proceeding. The contract contains no express provision covering this issue. Plaintiff asks in 64–502–F for a declaratory judgment as to the arbitrability in a single arbitration of separate and distinct grievances and in 64–503–F to enjoin defendants from proceeding to a single arbitration proceeding encompassing both grievances. Defendants in counterclaim seek a declaratory judgment in their favor, and an order requiring plaintiff to cease and desist from interfering with the processing of defendants' request for a single arbitration of their grievances.

■ Plaintiff first of all moves that these actions be remanded to the State court. It argues that this court has no jurisdiction over the actions since by the Norris-LaGuardia Act, 29 U.S.C.A. § 104, it has no power to grant the injunctive relief sought. American Dredging Co. v. Local 25, Marine Division, 3 Cir., 338 F.2d 837. The rule in the American Dredging case has no application here. The basis of the court's jurisdiction here is § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185. Under that section the court has power to grant specific enforcement of arbitration clauses in collective bargaining contracts. Even though this may involve orders of an injunctive nature requiring compliance with the terms of the contract, such orders are not barred by the Norris-LaGuardia Act. Textile Workers Union v. Lincoln Mills, 353 U.S. 448,

457–459, 77 S.Ct. 912, 1 L.Ed.2d 972; Black-Clawson Co., Inc. v. International Association of Machinists, 2 Cir., 313 F.2d 179. These actions could have been brought originally in this court under § 301 and hence were properly removed here. Old Dutch Farms, Inc. v. Milk Drivers and Dairy Employees Union, D.C., 222 F.Supp. 125.

On the merits, defendants have moved for summary judgment in both cases. At the time of hearing on these motions plaintiff also moved for summary judgment and by agreement of the parties all these motions were considered together.

As has been said, the basic issue involved is whether, as plaintiff contends, the contract requires a separate arbitration procedure for each grievance, or whether, as defendants argue, the contract requires plaintiff to submit both grievances to a single arbitration proceeding when the union requests it. Plaintiff argues the court should interpret the contract and rule in its favor. Defendants while arguing that if the court reaches the question, it should adopt their view of the contract, contend that the question is one which should be left for the decision of the arbitrator in the arbitration proceeding requested by defendants.

■ In the enforcement of arbitration agreements, particularly those included in collective bargaining contracts, the policy of the courts is to interpret these agreements broadly in favor of arbitrability. The court must, of course, determine for itself that the parties have made an agreement to arbitrate and that the issue involved on its face falls at least generally within the class of questions covered by the arbitration agreement. Where there is a broad provision for the submission of all questions of contract interpretation to arbitration, all questions outside these narrow limits must be left for decision by the arbitrator. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 567, 568, 80 S.Ct. 1343, 4 L.Ed. 2d 1403; United Steelworkers of Amer-

ica v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 583, 80 S.Ct. 1347, 4 L.Ed.2d 1409.

Moreover, questions of so-called procedural arbitrability must be left for decision by the arbitrator, even as to those questions where the decision on the procedural issue will determine whether or not there is a right to arbitration of the substantive issue. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898. Such questions are for the arbitrator to decide even when they are not connected with the subject matter of the substantive dispute and can be decided without reference to it. Rochester Telephone Corporation v. Communication Workers of America, 2 Cir., 340 F.2d 237.

Plaintiff contends that the question involved here is one of arbitrability which is for the court to decide. However, there is no denial here that an agreement to arbitrate was made and is in effect. There is no denial that each of the grievances involved is within the terms of the arbitration clause and subject to arbitration. The only issue, whether there should be one arbitration proceeding or two is a procedural one. The question is not whether these grievances shall be arbitrated or not, but only how the arbitration is to be conducted. It is a question which, as plaintiff contends, must be decided by interpretation of the terms of the contract, since plaintiff's duty to submit to arbitration arises solely out of the arbitration agreement. The contract provides in Section 26, par. 1, that "Should differences arise between the Company and the Union and its members employed by the Company as to the meaning and application of this agreement * * *" these differences are to be settled by a procedure which includes arbitration as the final step. Under this broad provision the dispute between the parties as to the meaning and application of the arbitration clause is one which they have agreed should ultimately be settled by arbitration. Local 469 International Brotherhood of Teamsters v. Hess Oil and Chemical Corp., D.C., 226 F.Supp. 452. cf. Traylor Engineering & Manufacturing Division v. United Steelworkers of America, D.C., 220 F.Supp. 896.

Plaintiff advances the argument that the question should not be left to the arbitrator because he will be deciding a question in which he has a direct pecuniary interest. What plaintiff envisions is that the arbitrator may hear the whole dispute and then render a decision in which he holds that plaintiff is entitled to separate arbitrations, and then proceed to render separate decisions on the two grievances and collect fees for conducting two or even three arbitrations. However, it seems highly unlikely that an arbitrator would hold that the two grievances were not properly before him in a single proceeding and nevertheless decide them both. Apart from such an unlikely procedure, a decision by the arbitrator in plaintiff's favor will result in separate proceedings and there is nothing to indicate that the arbitrator making the decision would have any such assurance that he would be named as arbitrator in both proceedings so that his decision between a combined proceeding or separate one would be influenced by any calculation as to his personal financial interest.

Plaintiff's motions to remand are denied. Plaintiff's motions for summary judgment in both cases are denied. Defendants' motions for summary judgment are allowed. In each case judgment will be entered declaring that it is the duty of the parties to proceed to arbitration of the grievances involved in accordance with defendants' request for a single arbitration, reserving to plaintiff the right to raise before the arbitrator for his decision the defense that under the contract between the parties two distinct grievances cannot properly be included in a single arbitration proceeding, and directing plaintiff to cease and desist from objecting to or interfering with the processing by the American Arbitration Association of defendants' request for appointment of a single arbitrator.