**INTERNATIONAL UNION, UNITED AUTO WORKERS OF AMERICA, AFL–CIO, LOCAL 710, Plaintiff,**

v.

**AVON PRODUCTS, INC., Defendant.**

**No. 15437–1.**

United States District Court
W. D. Missouri, W. D.
Jan. 12, 1967.

· McMath, Leatherman, Woods & Young-dahl, Little Rock, Ark., Krings, Stewart, Whipple, Mauer & Eisler, Kansas City, Mo., for plaintiff.

Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, District Judge.

This action, brought under Section 301 of Title 29, United States Code, was instituted by the UAW on behalf of six of its members against Avon Products, Inc., to compel arbitration of certain grievances. Under the teachings of the Steelworkers trilogy, particularly United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), as the principles of those cases are discussed in Greater Kansas City Laborers District Council v. Builders Association (W.D.Mo.1963), 213 F.Supp. 429, affirmed 326 F.2d 867, cert. denied 377 U.S. 917, 84 S.Ct. 1182, 12 L. Ed.2d 186, plaintiff's motion for summary judgment must be granted and defendant's motion for judgment on stipulated facts be denied. Because of the stipulation of the parties, no disputed factual questions are presented within the meaning of Rule 56 of the Rules of Civil Procedure.

The collective bargaining agreement here involved provided in Section 3 of Article IX that matters subject to arbitration " * * * must genuinely involve the interpretation or application of a specific provision of this Agreement. * * *" It provided further that "grievances involving matters reserved exclusively to the Company by Section 1 of Article III hereof, and all other man-

agement rights which are not abridged by a specific provision of this Agreement, are not subject to the grievance or arbitration procedure."

This arbitration clause is not as broad as that involved in Builders Ass'n. which provided in the broadest sort of language for the arbitration of "any differences." Nor is the arbitration clause embodied in the present agreement as broad as that proposed by the Union in 1964 (see Exhibit 1, Article V) or that proposed by the Union in 1965 (see Exhibit 2, Article V, section 1 and Article XVIII). Recognition of these facts does not command a finding and determination that the grievances involved are not subject to arbitration under the provisions of the agreement.

The particular arbitration clause and any exclusionary language that may be said to limit its scope must be examined in light of the teaching of the Supreme Court cases. United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, 363 U.S. at 584 and 585, 80 S.Ct. at 1354, directs that "[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is vague and the arbitration clause quite broad." The exclusion clause in *Warrior & Gulf* provided that " 'matters which are strictly a function of management shall not be subject to arbitration.' " The arbitration clause provided for submission of " * * * differences, as to the meaning and application of the provisions of this Agreement, or should any local trouble of any kind arise * * *." In both *Warrior & Gulf* and the pending case the exclusion clauses are vague. Article III of the contract here involved, after enumerating certain functions vested in management, provides that " * * * in the exercise of these rights the Company will not violate any of the terms of this Agreement."

The following language of *Warrior & Gulf*, 363 U.S. at 584, 80 S.Ct. at 1353, is particularly applicable:

"Strictly a function of management" might be thought to refer to any practice of management in which, under particular circumstances prescribed by the agreement, it is permitted to indulge. But if courts, in order to determine arbitrability, were allowed to determine what is permitted and what is not, the arbitration clause would be swallowed up by the exception. Every grievance in a sense involves a claim that management has violated some provision of the agreement.

Accordingly, "strictly a function of management" must be interpreted as referring only to that over which the contract gives management complete control and unfettered discretion.

The grievances asserted by Ramona Hoover and Hazel Blair allege violations of Article IX, Sections 1 and 2(a) of the Agreement. Grievants assert that under those provisions of the agreement they were entitled to present their grievances at any time and that they were entitled to have a committeeman present at the time of presentation.

The Vedder, Burton and Harrington grievance asserted that a violation of Article IV, Section 3 of the contract occurred when defendant on two occasions placed an employee of less seniority in a higher job classification.

The Helen Harrison grievance alleges that grievant was wrongfully discharged; that she had been on disability leave from the company; that she had obtained a written statement from her doctor which was submitted to defendant for the purpose of extending her disability leave; that this statement was acceptable under Article IV, Sections 4 and 7, but that defendant refused to accept it.

Each of those grievances present a question of interpretation or application of a provision of the collective bargaining agreement.

Article IX, Section 1 provides that "any individual employee * * * shall have the right at any time to present grievances to the company. * * *" Section 2(a) of that Article provides that

"if the employee involved desires, he may have a Union Committeeman accompany him when he discusses the grievance with his supervisor."

Article IV, Section 3 of the agreement provides in part:

> The Company agrees that in granting promotions and filling newly established job classifications the following factors will be taken into consideration; (1) seniority, (2) ability and (3) dependability. Factors (2) and (3) being relatively equal, seniority will prevail. The Company shall be the sole judge of an employee's ability and dependability. The Company shall exercise fairness in judging the qualifications of employees and any complaint that it has failed to do so may be taken through the grievance and arbitration procedure set forth in Article IX of this Agreement.

Article IV, Section 4 sets out the circumstances under which "an employee's continuous service shall be deemed broken and seniority lost * * *" and Section 7 thereof deals with leaves of absence and extensions thereof.

 The prior bargaining history of the parties does not establish that there was any intent to exclude the type of grievance here involved. The contract as finally agreed upon defined a grievance as "* * * any controversy * * * relating to working conditions not specifically covered by this Agreement, or any matter involving the interpretation or application of any provision of this Agreement." Each grievance involved on its face involves the interpretation or application of the agreement. Each are therefore within the scope of the present arbitration agreement.

Defendant argues that good faith attempts were made to settle the grievances; that the grievances as submitted for arbitration are ambiguous and/or assume disputed facts; and that the alleged dispute comes within the ambit of the management rights clause. Other arguments are presented that clearly go either to procedural questions or to the merits of the grievances; for example, that "the

Union has made no allegation that any committeeman asked his supervisor for permission to discuss any matters with respect to * * * (the Hoover and Blair) grievances * * *;" that the Vedder, Burton and Harrington grievance involves a temporary transfer which is not subject to the grievance and arbitration procedure; and that with regard to the Harrison grievance there was a failure to return to work and not a termination of employment by defendant. Finally, defendant argues that this Court should draft and limit the scope of the issues to be referred to arbitration in the event such a referral is ordered.

In John Wiley & Sons v. Livingston, 376 U.S. 543, at 556–557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964), the Supreme Court observed that "* * * labor disputes * * * cannot be broken down so easily into their 'substantive' and 'procedural' aspects. Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it." On page 557, 84 S.Ct. on page 918 it was held:

> Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration. * * *

> Once it is determined * * * that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

 We have determined the arbitrability of the grievances presented under the contract. We find that the exclusionary language does not evidence an intent to exclude the grievances presented herein from arbitration. Plaintiff's motion

for summary judgment should therefore be granted. Accordingly, it is

Ordered that the parties, in accordance with their agreement, proceed to arbitration of the grievances involved in this case. It is

Further ordered that disputes about the form of any of the questions to be submitted to arbitration in connection with any of the said grievances be submitted to the arbitrator for his determination. It is

Further ordered that any dispute about whether all grievances should be submitted to a single or separate arbitrator shall be submitted to the first arbitrator appointed pursuant to the procedure provided in the contract of the parties. It is

Further ordered that any and all questions of procedure which can not be agreed upon in connection with any and all of the grievances to be arbitrated or any question to be submitted in connection therewith shall be presented to and determined by the arbitrator first appointed under the procedures provided in the contract of the parties.