John E. Britton, MacDonald, Illig, Jones & Britton, Erie, Pa., for plaintiff.

Daniel W. Cooper, Gatz, Cohen, Segal & Koerner, Pittsburgh, Pa., for defendants.

**AMERICAN STERILIZER COMPANY, Plaintiff,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and its Local No. 832 and American Arbitration Association, Defendants.**

Civ. A. No. 15–72 Erie.

United States District Court,
W. D. Pennsylvania.

April 19, 1972.

## OPINION

WEBER, District Judge.

This case has been submitted on cross-motions for summary judgment. The case arises out of a collective bargaining agreement and our jurisdiction is based on 29 U.S.C.A. § 185.[1] The agreement calls for binding arbitration.

Plaintiff has sued to restrain the submission of multiple disputes to a single arbitration and the defendant contends that this question is a matter for the arbitrator. There is no dispute as to facts. Three separate grievances proceeded to the arbitration stage and three separate submissions were made by the Defendant Union, which then unilaterally requested the American Arbitration Association to designate one arbitrator to hear all three.

Plaintiff argues that Sec. 301(a) specifically confers jurisdiction on the District Court to determine whether there is a violation of the labor agreement by compelling the employer to submit to multiple arbitration, and that the language of the pertinent provisions of the contract at issue do not present a dispute as to its meaning and application appropriate for submission to an arbitrator.

Plaintiff's principal argument is that the language of the contract concerning arbitrable matters always speaks in the singular. While the only United States Circuit Court opinion on this problem

1. Labor Management Relations Act of 1947 § 301(a).

found uncertainty in the language of the contract which used both the singular and plural of the term "grievance" indiscriminately (See Avon Products, Inc. v. International U. UAW, Local 710, 386 F.2d 651 [8th Cir., 1961]), we do not believe that this is a controlling factor. That Circuit Court affirmed the order of the District Court which ordered multiple issues submitted to arbitration and further ordered that the first arbitrator selected should determine whether all of the stated grievances should be submitted to one arbitrator. (263 F.Supp. 92 [W.D.Mo., 1967]). The District Court's opinion and order did not consider the arbitrability *vel non* of the multiple arbitrations issue.

*Avon Products,* supra, recites a series of cases in the district courts all dealing with multiple issues proposed to be submitted to a single arbitrator. In each case the issue has been decided for arbitrability, although for a variety of reasons.

In Fitchburg Paper Company v. MacDonald, 242 F.Supp. 502 [D.Mass. 1965], the court held that "The only issue, whether there should be one arbitration proceeding or two is a procedural one. The question is not whether these grievances shall be arbitrated or not, but only how the arbitration is to be conducted." (p. 505).

In Local 469 v. Hess Oil & Chem. Corp., 226 F.Supp. 452 [D.N.J., 1964], while the court referred to the multiple grievances as involving similar questions of fact and law, it felt that this was a factor which should be placed before the arbitrator so that he could determine the propriety of hearing the issues together rather than separately. The court concluded: "This Court may not and will not deprive the arbitrator of the opportunity and obligation to determine that question." (p. 456).

In Traylor Eng. & Mfg. Div. of Fuller Company v. United Steelworkers, 220 F. Supp. 896 [E.D.Pa., 1963], the grievances were unrelated. The company sought to enjoin the submission of the multiple grievances to one arbitrator until the determination by arbitration of a separate submission on the question of the power of the arbitrator to hear multiple grievances. The court held that because this was solely one more statement of an arbitrable issue, it could proceed no further and left the entire matter for the determination of the arbitrator.

Thus every reported case, in whatever aspect it has been presented, and for a variety of reasons, has determined that the issue arises out of the contract, that the contract compels arbitration, and that the question must be submitted to the arbitrator.

Perhaps the best overall answer to the question is provided in John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S. Ct. 909, 11 L.Ed.2d 898 [1964]:

"Once it is determined, as we have, that the parties are obligated to submit the *subject matter* of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court could deny arbitration only if it could confidently be said not only that a claim was strictly 'procedural,' and therefore within the purview of the court, *but also that it should operate to bar arbitration altogether,* and not merely limit or qualify an arbitral award." (pp. 557, 558, 84 S.Ct. p. 918). (Italics supplied.)

In this case there is no dispute as to the arbitrability of the subject matter.

We, therefore, conclude that the Motion of the Defendant to Dismiss must be granted.