**AMERICAN CAN COMPANY** American Lane Greenwich, Connecticut

v.

**UNITED PAPERMAKERS AND PAPERWORKERS, AFL–CIO, and its Local Union No. 412, 4847 North Broad Street Philadelphia, Pennsylvania.**

Civ. A. No. 72–2254.

United States District Court, E. D. Pennsylvania.

March 29, 1973.

Robert M. Landis, Philadelphia, Pa., for plaintiff.

Richard H. Markowitz, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this action, filed pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, plaintiff seeks to vacate an award of an arbitrator, permitting a single arbitrator to hear multiple grievances in a single arbitration proceeding. Plaintiff further seeks a declaratory judgment to the effect that under the collective bargaining agreement it is not obliged to arbitrate multiple grievances before the same arbitrator and an injunction, prohibiting defendant unions from further processing multiple grievances before the same arbitrator. Before the Court are defendant unions' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and plaintiff employer's motion for summary judgment.

Plaintiff manufactures paper and plastic products at two plants located in Easton, Pennsylvania. Defendants, United Papermakers and Paperworkers, AFL–CIO, and its Local Union No. 412 [defendant unions] are the collective bargaining representatives for certain of plaintiff's employees at both plants. On December 29, 1970, plaintiff and defendant unions entered into a collective bargaining agreement, which provides that all "differences" and "disputes" shall be settled by a four-step grievance procedure, the final step of which is arbitration. The arbitration clause, set forth in Article VII, § 7.02 of the agreement provides as follows:

> "If within three (3) working days no understanding is arrived at, the

*controversy* or *claim* arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration, in accordance with the Rules then obtaining, of the American Arbitration Association and judgment upon the award rendered may be entered in any Court having jurisdiction thereof. The Arbitrator has no authority to add to or subtract from the terms of this agreement."

The agreement further provides in Article XVII, § 1702:

"It is the intent of the parties hereto that the provisions of this agreement, which supercedes (the Agreement dated December 20, 1967 and) all prior Agreements and understandings, oral or written, express or implied, between such parties, shall govern their entire relationship and shall be the sole source of all rights or claims which the Union or its members may assert against the Company.

"The provisions of this agreement can be amended, supplemented, rescinded or otherwise altered only by mutual agreement in writing hereafter signed by the parties hereto."

On November 8, 1971, defendant unions demanded arbitration on eighteen grievances, concerning eleven different issues and sought to select a single arbitrator to hear all eighteen grievances. Plaintiff informed defendant unions that it would refuse to arbitrate the grievances before the same arbitrator on the ground that it was not obliged to do so under the collective bargaining agreement. Following negotiations, the parties agreed to refer the issue, whether under the agreement multiple grievances may be submitted to a single arbitrator, to an arbitrator of the American Arbitration Association.[1] A hearing was held before the arbitrator on June 22, 1972, and on August 30, 1972, the arbitrator entered his award, permitting a single arbitrator to hear multiple grievances in the same arbitration proceeding. The arbitrator concluded that:

" * * * [T]he most sensible and logical construction of Section 7.02 of the Agreement would regard the terms 'controversy', 'claim', and 'award' as class nouns employed in the generic sense, and that it would be adventitious and unreasonably literal to consider their singular grammatic form as commanding an exclusively singular application. It follows that Section 7.02 permits more than one grievance to be heard by a single arbitrator in one arbitration proceeding, and the Company has no basis under Section 7.02 for refusing to proceed with a multiple grievance arbitration. I will so rule."

Plaintiff alleges that over its objection, the defendant unions presently are processing multiple grievances for assignment to a single arbitrator. Thus, plaintiff filed the instant action, challenging the arbitrator's award.

■ The decisions of the Court of Appeals for this Circuit indicate that the scope of the Court's review of an arbitrator's award is extremely limited. Local 616, Int'l. Union of Electrical, Radio & Machine Workers, AFL–CIO v. Byrd Plastics, Inc., 428 F.2d 23 (3d Cir. 1970); Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3d Cir. 1969); Local 719, American Bakery & Confectionery Workers of America, AFL–CIO v. Nat'l. Biscuit Co., 378 F.2d 918 (3d Cir. 1967). In United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424 (1960), the Supreme Court held that:

" * * * [A]n arbitrator is confined to interpretation and application

---

1. In agreeing to submit the issue in question, plaintiff expressly reserve all its rights to contest the outcome of the award if such award would be unfavorable to it. Even if such an express reservation were not made, it appears that the submission of an issue of disputed arbitrability to an arbitrator does not constitute a waiver of the right to seek judicial review on the issue of arbitrability. *See* Local 719, American Bakery & Confectionery Workers of America, AFL–CIO v. Nat'l. Biscuit Co., 378 F.2d 918, 921–922 (3d Cir. 1967).

of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, *yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement.* When an arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." 363 U.S. at 597, 80 S.Ct. at 1361.

In further construing the language in *Enterprise Wheel,* the Third Circuit in Ludwig Honold Mfg. Co. v. Fletcher, *supra,* held that:

"[A] labor arbitrator's award does 'draw its essence from the collective bargaining agreement' if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by the principles of contract construction and the law of the shop, may a reviewing court disturb the award." 405 F.2d at 1128.

Thus, in the light of these standards, we must weigh the arguments of the parties.

Plaintiff, on one hand, argues that the arbitrator's award violates the restrictions on the arbitrator set forth in Article VII, Section 7.02, adds to the provisions of the agreement in violation of Article XVII, Section 1702 and exceeds the powers of the arbitrator. Defendant unions, on the other hand, argue that the award was not arbitrary or capricious but was a reasonable and proper interpretation of the collective bargaining agreement based on the evidence presented in the proceeding. In addition, defendant unions also argue that the award was concerned solely with the procedural requirements of the grievance procedure, which should be left to the final disposition of the arbitrator. Thus, the issues before the Court are (1) whether the arbitrator's award was concerned solely with procedural matters, which generally lie within his discretion and (2) if the award was not based on procedural considerations, whether the award violated the restrictions placed upon the arbitrator by the collective bargaining agreement.

In John Wiley & Son, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed. 2d 898 (1964), the Supreme Court held:

"Once it is determined, as we have, that the parties are obligated to submit the subject of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." 376 U.S. at 557, 84 S.Ct. at 918.

The courts of this District have consistently applied this rule in refusing to vacate an arbitrator's decision on procedural matters. *See* Transport Workers Union of Philadelphia, AFL–CIO, Local 234 v. Philadelphia Transp. Co., 283 F. Supp. 597 (E.D.Pa.1968); Block Pontiac, Inc. v. Candando, 274 F.Supp. 1014 (E.D.Pa.1967). Moreover, every court that has considered the issue whether multiple grievances may be heard before a single arbitrator has held that it is a procedural question to be left to the final disposition of the arbitrator. Avon Products, Inc. v. Int'l. Union, United Auto Workers of America, AFL–CIO, Local 710, 386 F.2d 651 (8th Cir. 1967); American Sterilizer Co. v. Int'l. Union United Automobile, Aerospace and Agricultural Implement Workers of America, 341 F.Supp. 522 (W.D.Pa.1972); Fitchburg Paper Co. v. MacDonald, 242 F. Supp. 502 (D.Mass.1965); Local 469 Int'l. Brotherhood of Teamsters v. Hess Oil & Chem. Corp., 226 F.Supp. 452 (D. N.J.1964); Traylor Eng'r. & Mfr. Div. of Fuller Co. v. United Steelworkers of America, 220 F.Supp. 896 (E.D.Pa. 1963). In *Fitchburg Paper Co.,* the Court aptly stated:

"The only issue, whether there should be one arbitration proceeding or two is a procedural one. The question is not whether these grievances

shall be arbitrated or not, but only how the arbitration is to be conducted." 242 F.Supp. at 505.

In the instant case, plaintiff does not argue that the individual grievances are not arbitrable, but argues only that these multiple grievances may not be heard before a single arbitrator. Thus, the question in this action, as in *Fitchburg Paper Co.*, is "how the arbitration is to be conducted".

■■ Plaintiff's principal argument is that the arbitration clause refers to "controversy" or "claim", in the singular rather than the plural, thereby precluding the arbitration of multiple grievances before the same arbitrator. In *Avon Products, Inc., supra,* the Eighth Circuit Court affirmed the district court's refusal to vacate an arbitrator's award, although the language of the agreement used both the singular and plural of the term "grievance" indiscriminately. Notwithstanding the contract provision that the arbitrator may not "add to or subtract from or modify" the terms of the agreement, the Court held that the question whether a single arbitrator may hear multiple grievances is for the disposition of the arbitrator. Moreover, in *American Sterilizer Co., supra,* the Court concluded, relying on *Avon Products, Inc.,* that the mere fact that language of the contract concerning arbitration matters always speaks in the singular is not controlling. Again, the Court ultimately held that the question whether a single arbitrator may hear multiple grievances is for the disposition of the arbitrator, stating:

"Thus every reported case, in whatever aspect it has been presented, and for a variety of reasons, has determined that the issue arises out of the contract, that the contract compels arbitration, and that the question must be submitted to the arbitrator." 341 F.Supp. at 523.

We, therefore, must conclude (1) that there is no question that the individual grievances are arbitrable; (2) that under the case law, the question whether multiple grievances may be submitted to an arbitrator is one of procedure to be determined by the arbitrator; and (3) that the mere fact that the terms "claim" and "controversy" are couched in the singular is not controlling, and the arbitrator neither violated the restrictions set forth in the agreement nor exceeded his powers under the agreement. Our conclusion should not be read to mean that this issue is always procedural or that an employer may not include a specific provision in the contract to prohibit multiple grievance arbitration. We conclude that the award in this case does draw its essence from the collective bargaining agreement in that it can be rationally derived from the agreement. *See* Ludwig Honold Mfg. Co. v. Fletcher, *supra.*

■ Plaintiff argues that the arbitrator's assertion that "The company has no contractual basis for objecting to such a procedure or for refusing to participate in it" stands Section 17.02 on its head. As previously mentioned, Section 17.02 provides that "the provisions of this agreement * * * shall be the sole source of all rights or claims which the Union or its members may assert against the Company". Our function, however, is not to agree or disagree with the conclusion reached or with the specific reasoning employed, Ludwig Honold Mfg. Co. v. Fletcher, *supra,* 405 F.2d at 1132, nor are we to examine the award for mistakes of law or erroneous evaluation of evidence. Block Pontiac, Inc. v. Candando, *supra,* 274 F.Supp. at 1020. In addition, plaintiff argues that although the arbitrator is not obliged to state his reasons, once he does so, his decision must be justified on those grounds. Here, the arbitrator rejected the union's argument that the dispute was procedural, and that the contract was controlling. Plaintiff seems to argue that the decision may not now be justified on procedural grounds. We disagree with this assertion on the ground that under *Ludwig Honold* it is the *award* rather than the conclusion or the specific reasoning employed that a

court must review. Since we have determined that the award did not manifestly disregard the terms of the agreement and was a matter to be left for the disposition of the arbitration, we may not disturb the arbitrator's award.[2]

Accordingly, plaintiff's motion for summary judgment will be denied, and defendant unions' motion to dismiss the complaint will be granted.

2. Plaintiff also argues that we must vacate the arbitrator's award on the ground that consolidation of multiple grievances before a single arbitrator is permissible only when all the grievances raise common questions of law and fact. In so arguing, plaintiff relies on Local 469, Int'l. Brotherhood of Teamsters v. Hess Oil & Chem. Co., *supra*, 226 F.Supp. at 455, and Avon Products, Inc. v. U.A.W., Local 710, *supra*, 386 F.2d at 658, and states that here, eighteen grievances involving eleven different issues are sought to be arbitrated with a single proceeding. We do not read the cases cited as establishing a rigid rule that the multiple grievances all must involve common questions of law and fact before they may be heard in a single proceeding. Although we believe that this is a significant factor which the arbitrator in his discretion may consider, we conclude the failure to do so in this case does not compel us to vacate the award.