**SOCONY VACUUM TANKER MEN'S ASSOCIATION, Plaintiff-Appellee,**

v.

**SOCONY MOBIL OIL CO., Inc., Defendant-Appellant.**

**No. 107, Docket 30632.**

United States Court of Appeals Second Circuit.

Argued Oct. 28, 1966.

Decided Dec. 14, 1966.

Edward F. Callan, New York City (Putney, Twombly, Hall & Skidmore, Donald J. Maroldy, Thomas F. Ryan, New York City, on the brief), for appellant.

Irving L. Weinberger, New York City (Arthur Kaplan, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and KAUFMAN, Circuit Judges.

MOORE, Circuit Judge.

This is an appeal from an order of the district court granting summary judgment in favor of plaintiff and compelling arbitration of a dispute between the parties to a collective bargaining agreement.

On June 1, 1964, plaintiff, Socony Vacuum Tanker Men's Association (hereafter "the Association"), entered into a collective bargaining agreement with defendant-appellant Socony Mobil Oil Co., Inc. (hereafter "the Company"), the agreement by its terms to continue in effect until July 31, 1967. Paragraph 13 of the agreement establishes a grievance procedure and paragraph 16(a) provides:

> "Any question of fact arising out of the interpretation of this agreement or the alleged violation of the express terms of this agreement which is not settled in accordance with the grievance procedure outlined in Step 5 shall at the request of either party be submitted to a Board of Arbitration. The statement of the question to be arbitrated shall be mutually agreed upon."

The other material provisions to the instant dispute are paragraph 62 which sets out the scale of wages agreed upon for the several classifications of employees covered by the agreement and paragraph 63 which reads as follows:

> "If during the voyage, [an employee] is assigned to another rating higher than his own, he shall receive the higher rate of pay during such assignment and his hours shall become the hours of the new assignment. If he is assigned to a lower rating through no fault of his own, there shall be no reduction in wages or overtime rate for the remainder of the voyage and

his hours shall become the hours of the new assignment."

In March 1965, the Association presented a grievance to the Company with respect to the reduction in assignment of employee Victor Mewa from fireman to wiper. Similar grievances were shortly thereafter filed with respect to reductions in assignment of employees Chester Bell and Wesley Ensign. The grievance procedure having been unsuccessfully exhausted, the Association requested arbitration and sought a meeting with the Company to agree upon the question to be arbitrated. Following two meetings between the parties, the Company by letter proposed the following statement of the question to be arbitrated:

"Does the term 'remainder of voyage' contained in Section 63 of the Collective Bargaining Agreement dated June 1, 1964 between [the Company and the Association] mean until the vessel reaches the first northern port of call, or does it mean until the crew member is discharged from the vessel?"

Rejecting this formulation as too narrow, the Association proposed by return letter the following statement:

"The question is whether an agreement was arrived at, at a meeting held on October 20, 1964, between [the Company and the Association], that once the company would promulgate and furnish a list of oilers and FWT's the men on the aforesaid list would be permanent oilers and FWT's even if assigned to a lower rating through no fault of their own and would continue to receive the higher rate of pay in accordance with the list."

The Company immediately advised the Association that it did not consider the question proposed by the Association to be arbitrable. Thereafter, the parties remained unable to agree upon a statement of the question to be arbitrated and the

Association instituted the present action to compel arbitration under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[1]

In its complaint, the Association alleged that the Company refused to submit the Association's formulation of the issue to arbitration in violation of paragraph 16 of the collective bargaining agreement. Following the service of the Company's answer, the parties cross-moved for summary judgment. The district court denied the Company's motion and granted the Association's motion, finding that the real issue to be arbitrated was "the alleged failure of the [Company] to pay the agreed wage scale to three of its employees who are members of the union." We affirm, but will restate the question to be submitted to arbitration.

■ The Company argues on this appeal that the Association's claim is not arbitrable as it would require the arbitrator (actually a board of arbitration) to make specific findings of fact concerning an alleged agreement other than the collective bargaining agreement. In support of this contention, the Company relies on the language of the arbitration clause limiting its application to "any question of fact arising out of the interpretation of *this* agreement or the alleged violation of the *express terms* of *this* agreement \* \* \*." (emphasis supplied). Although the fact questions to be resolved by the arbitrator must be relevant to an interpretation of the agreement providing for arbitration and not some other or different agreement, the court cannot determine for the arbitrator in advance those facts which he may deem relevant to his task.

■ As the parties have been unable to agree upon a statement of the question to be arbitrated, we formulate the question as follows: What are the prop-

---

1. Section 301(a) reads:
   "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

er wages for employees Mewa, Bell and Ensign under the employment and wage provisions of the collective bargaining agreement? Should the arbitrator in resolving this question make any general determinations not required for the resolution of this dispute, the scope of his decision may be reviewed in appropriate proceedings. See Carey v. General Electrict Co., 315 F.2d 499, 508 (2d Cir. 1963), cert. denied 377 U.S. 908, 84 S.Ct. 1162, 12 L.Ed.2d 179 (1964).

The Company also urges that even if the dispute is arbitrable, arbitration cannot be compelled in the absence of mutual agreement between the parties concerning the issue to be submitted. Such an interpretation of the last sentence of paragraph 16(a) would emasculate the arbitration clause. We interpret this procedural provision of paragraph 16(a) as requiring the parties to make a reasonable effort to agree on the statement of the issue to be submitted. As reasonable efforts were made and were unsuccessful, the court may state the question to be arbitrated.

Affirmed.