COMMONWEALTH OIL REFINING COMPANY, Plaintiff,

v.

UNION INDEPENDIENTE de la INDUSTRIA de PETROQUIMICAS de PUERTO RICO, Defendant.

Civ. A. No. 76-738.

United States District Court,
W. D. Puerto Rico.

Nov. 22, 1977.

## OPINION and ORDER

TURK, Chief Judge, Sitting by Designation.

Plaintiff, Commonwealth Oil Refining Company, Inc. (hereinafter "Company") brought this action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 to set aside an arbitrator's ruling. Defendant, Union Independiente de la Industria de Petroquimicas de Puerto Rico (hereinafter "Union") has answered and requested this Court to dismiss the complaint and to order the Company to proceed according to the order of the arbitrator.

The dispute arises out of the procedure used by the Company to recall certain employees who had been laid off in early 1975, the Union asserting that some recalls were in violation of the seniority provisions of the collective bargaining agreement entered into by the parties. After a series of recalls by the Company and several different grievances concerning them by the Union, a hearing was held before the arbitrator on December 22, 1975 concerning a grievance filed on June 11, 1975 which alleged that the Company had violated the collective bargaining agreement by recalling the workers laid-off since February 21, 1975 and thereafter. At this hearing the Union took the position that this grievance encompassed the entire process of recall up to the date of the grievance, while the Company asserted that it referred only to a recall of eighteen employees on June 9, 1975. It was not disputed that the underlying question of the propriety of the recalls was subject to arbitration. The first mention of an agreement to be reached by the parties concerning the scope of the issue to be submitted to the arbitrator by this grievance was made at the December 22 hearing. The arbitrator, after a failure of the parties to reach a submission agreement at this hearing, stated that he would nevertheless hear the complaint based on the authority conferred by the arbitration clause of the collective bargaining agreement. Article V of the Collective Bargaining Agreement, entitled "Grievance and Arbitration Procedure" states in part:

A. A grievance within the meaning of this Collective Bargaining Agreement, will be a dispute or a difference of interpretation regarding the implementation, interpretation or administration of the expressed provisions of this agreement. . . .

D. The Arbitrator shall have absolute discretion as to the conduct of the hearing and any related matters submitted to him, subject to the provisions of applicable legislation and of this Collective Bargaining Agreement.

No provision requires a submission agreement as a prerequisite to arbitration. The Company objected to the position taken by the arbitrator, contending that the arbitrator had no jurisdiction to hear a grievance under the collective bargaining agreement unless the parties had delineated the issue in a submission agreement. After a further hearing on February 5, 1976 and submission of briefs on this question by both parties, the arbitrator issued a "Resolution" on May 20, 1976 stating that "the Grievances and Arbitration Clause of the Collective Bargaining Agreement . . . constitutes sufficient submission which gives jurisdiction to the arbitrator to hear the complaint." This § 301 action was brought to set aside the May 20 "Resolution".

It is undisputed that the federal common law under § 301 states as a fundamental principle that any uncertainties as to arbitrability are to be resolved in favor of arbitration. The classic statement of this premise was made by the United States Supreme Court in *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960) where the Court said, "an order to arbitrate the particular grievance should not be denied unless it may be said with *positive assurance* that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." (emphasis added) Moreover, according to the Court, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail", where no express

exclusion is stated and the arbitration clause is broad. *Id.* at 585, 80 S.Ct. at 1354.

■ This standard has been further refined to limit the district courts to a decision as to whether the parties have agreed to submit the subject matter of a dispute to the arbitrator, leaving procedural questions to the arbitrator. *Operating Engineers v. Flair Buildings, Inc.*, 406 U.S. 487, 491, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972); *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557–558, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Procedural questions are those that determine how the arbitration should be conducted or, in other words, those that require a determination of whether all precedent conditions to arbitration have been complied with. In *Socony Vacuum Tanker Men's Association v. Socony Mobile Oil Co., Inc.*, 369 F.2d 480, 483 (2d. Cir. 1966) a specific provision in the collective bargaining agreement requiring that the issue to be arbitrated be mutually agreed upon by the parties was deemed procedural. *Ice Cream Driver's & Employers Union, Local 757 v. Borden, Inc.*, 433 F.2d 41 (2d Cir. 1970), *cert. denied*, 401 U.S. 940, 91 S.Ct. 938, 28 L.Ed.2d 220 (1971) involved a failure of the parties to define the issues for arbitration where the collective bargaining agreement contained no specific provision as in *Socony.* Judge Kaufman, concurring in part and dissenting in part, felt that this was a question as to the proper scope of the pleadings presented to the arbitrator and was, under *John Wiley & Sons*, a procedural question for the arbitrator to decide. In several cases concerning the issue of whether multiple grievances should be decided separately or in one arbitration proceeding, it has been held that the issue concerned only the conduct of the arbitration and was, therefore, procedural. *Avon Products, Inc. v. Int'l Union, United Auto Workers of America*, 386 F.2d 651 (8th Cir. 1967); *American Can Co. v. United Papermakers and Paperworkers*, 356 F.Supp. 495 (E.D.Pa. 1973); *Fitchburg Paper Co. v. MacDonald*, 242 F.Supp. 502 (D.Mass.1965). That situation is closely analogous to the issue presented here, whether the question to be arbitrated must be agreed upon by both

parties before the arbitrator may proceed. Both involve a determination not of the arbitrability of the underlying dispute over the meaning of the collective bargaining agreement, but of the precise *form* of the question to be submitted to the arbitrator. Thus, both fall within the framework of the situation foreseen by the Supreme Court where "arbitrability of the subject matter is unquestioned but a dispute arises over the procedures to be followed." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. at 558, 84 S.Ct. at 919. As a procedural question, the scope of the issue to be arbitrated must be left to the arbitrator.

■ Furthermore, every court that has considered the question of whether a submission agreement is a prerequisite to arbitration has decided that it was not. Where the collective bargaining agreement did not contain a clause purporting to withhold from the arbitrator questions where the parties have not reached a submission agreement, under the federal common law encouraging arbitration, no such clause would be implied. The collective bargaining agreement itself provides the authority for arbitration where a question of interpretation or application of one of its provisions is presented. *Avon Products, Inc. v. Int'l Union, United Auto Workers of America*, 386 F.2d 651, 656–657 (8th Cir. 1967); *Hotel and Restaurant Employees and Bartenders Int'l Union v. Michelson's Food Services, Inc.*, 545 F.2d 1248, 1253 (9th Cir. 1976). Even where the collective bargaining agreement specifically stated "The statement of the question to be arbitrated shall be mutually agreed upon", the Court of Appeals for the Second Circuit refused to withhold from arbitration questions where no such agreement had been reached. To do so would "emasculate the arbitration clause." *Socony Vacuum Tanker Men's Association v. Socony Mobile Oil Co., Inc.*, 369 F.2d 480, 481–483 (2d Cir. 1966). See also *Ice Cream Drivers & Employees Union, Local 757 v. Borden, Inc.*, 433 F.2d 41 (2d Cir. 1970), *cert. denied*, 401 U.S. 940, 91 S.Ct. 938, 28 L.Ed.2d 220 (1971). It would be unreasonable to think that two parties to

a collective bargaining agreement, who have usually proceeded through several steps of a grievance procedure without resolving their differences before resorting to arbitration, could always agree on a formulation of the issues to be submitted to the arbitrator. When such an impasse does arise, the arbitrator, with his greater expertise in the interpretation and application of collective bargaining agreements, can be expected to merge the issues as "justice, common sense, and his own training might suggest." *Ice Cream Drivers, supra* at 47 (Kaufman, J. dissenting in part and concurring in part).

■ The Company asks the Court, in the event it decides the issue to be arbitrable, to frame the issue for the arbitrator to decide. The Court in *Socony, supra,* did just that. In *Socony,* however, an explicit contract provision required a submission agreement prior to arbitration. After refusing to withhold matters from arbitration based on that clause, and after reasonable efforts of the parties had failed to produce an agreement the Court defined the issue to be submitted to arbitration. Where no such clause existed in the contract and the parties failed to reach a submission agreement, the delineation of the issues has been left to the arbitrator. *Int'l Association of Machinists v. Howmet Corp.,* 466 F.2d 1249 (9th Cir. 1972); *Avon Products, Inc. v. Int'l Union, United Auto Workers of America,* 386 F.2d 651 (8th Cir. 1967). This question is procedural in nature, and this Court will not frame the issues to be placed before the arbitrator.

Accordingly, the arbitrator's ruling will not be set aside and arbitration on the merits is ORDERED to proceed.