**ELECTRIC BOAT DIVISION, GENERAL DYNAMICS CORPORATION,**

v.

**LOCAL UNION 1302, UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA.**

Civ. No. 10950.

United States District Court
D. Connecticut.

June 2, 1965.

Edward Schneider, Allan W. Drachman, Schneider, Bronstein, Wolbarsht & Deutsch, Boston, Mass., Francis L. Crowley, Electric Boat Division General Dynamics Corporation, Groton, Conn., for plaintiff.

Matthew Shafner, Groton, Conn., for defendant.

BLUMENFELD, District Judge.

The plaintiff, Electric Boat Division of the General Dynamics Corporation, entered into a collective bargaining agreement with the Metal Trades Council of New London County on August 2, 1963. Thus there is embodied in a single instrument the agreement reached between the employer and certain locals linked in a multi-union bargaining unit. The Metal Trades Council has been certified by the NLRB as the exclusive bargaining agent for a number of labor organizations representing employees in trades or crafts at the plaintiff's shipyard in the Town of Groton, Connecticut, including the defendant local. The legal relationship among these several locals *inter sese* is nowhere apparent. Article III of said agreement sets forth a procedure for resolving grievances including a final step for arbitration. Section 5 of that article provides as follows:

> "When a grievance affects or involves employees in only one trade or craft, the grievance at each step of the grievance procedure, including arbitration, shall be handled by the Stewards and representatives of the trade or craft having jurisdiction over the employees involved."

On August 14, 1964, a grievance was filed over a transfer of work from the plaintiff's shipyard in Groton to one in Quincy, Massachusetts. The dispute was taken through the various steps of the grievance procedure with the defendant, Local Union 1302, United Brotherhood of Carpenters & Joiners of America, representing the employees. On September 22, 1964, the defendant requested the Federal Mediation and Conciliation Service to appoint an arbitrator to arbitrate the dispute. The plaintiff notified the defendant and the Service that it would not submit to arbitration on the ground that no proper demand for arbitration had been made by the Metal Trades Council. While conceding that the dispute was arbitrable, the plaintiff additionally maintained that the grievance affected employees in more than one trade or craft and that the local was not the proper party to arbitrate the dispute.

The Service at first agreed with the plaintiff and refused to appoint an arbitrator. However, upon receipt of a letter from the Metal Trades Council endorsing the local's request for the appointment of an arbitrator and "assigning" the local to handle all aspects of the grievance, the Service appointed an

arbitrator. Insofar as affirmative action by the Council may be required under the agreement to take the case to arbitration this was sufficient. The plaintiff then brought this action for a declaration that it has no obligation to arbitrate with the defendant local. The motion before the court at the present time is for a temporary injunction to forestall the pending arbitration until the full case may be heard.

▄ It is now well established that questions of substantive arbitrability are to be handled in the first instance by the courts, while matters of procedural arbitrability are left for the arbitrator to decide. Livingston v. John Wiley & Sons, Inc., 313 F.2d 52 (2d Cir. 1963), aff'd, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed. 2d 898 (1964). Unless the present dispute falls into the former category, the motion must be denied.

▄ There is no question that there is a collective bargaining agreement in existence binding upon both of the parties and that a disputed transfer of work is a matter subject to arbitration under that agreement. The Metal Trades Council having endorsed the request for the appointment of an arbitrator, the question to be resolved has become who is the proper party to represent the grieved employees. Here it nowhere appears that the grievance relates to a jurisdictional dispute or any other conflict between the local and any other member of the Metal Trades Council.

▄ Assuming, arguendo, that the dispute does involve the employees in more than one trade or craft, it is for the arbitrator to decide the effect of the letter to the Mediation Service by which the Metal Trades Council assigned the local to handle the dispute. May the Council appoint one of the locals to represent it at arbitration through some agency principle unrelated to Article III Section 57? This is clearly a procedural question for the arbitrator.

But even the basic issue should be classified as procedural rather than substantive. Both the Metal Trades Council and the locals are empowered to represent the employees in certain disputes. It is for the arbitrator to decide whether in this particular case further representation ought to be required if other employees are affected. Cf. Rule 19(b) F.R.Civ.P. If the dispute does involve more than one trade or craft, then under Article III Section 5 the local may not be the proper representative and the arbitrator may decide not to make an award.

The motion is denied.

In view of the foregoing, it seems rather pointless to stay this proceeding for injunctive relief. Accordingly, the action is dismissed without prejudice to any possible later action to test the validity of the arbitrator's award. See Bonnot v. Congress of Independent Unions Local 14, 331 F.2d 355 (8th Cir. 1964).