**ELECTRIC BOAT DIVISION, GENERAL DYNAMICS CORPORATION,**
Plaintiff-Appellant,

v.

**LOCAL UNION 1302, UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA,** Defendant-Appellee.

No. 564, Docket 29823.

United States Court of Appeals
Second Circuit.

Argued June 21, 1965.

Decided June 22, 1965.

Allen W. Drachman, Boston, Mass. (Edward Schneider, Boston, Mass., Schneider, Bronstein, Wolbarsht & Deutsch, Boston, Mass., F. L. Crowley, Electric Boat Division, General Dynamics, Groton, Conn., of counsel), for plaintiff-appellant.

Matthew Shafner, Groton, Conn. (McIntosh & Scott, Groton, Conn., of counsel), for defendant-appellee.

Before MOORE and MARSHALL, Circuit Judges, and LEVET, District Judge.

MOORE, Circuit Judge.

By its complaint filed May 10, 1965, plaintiff brings an action for a declaratory judgment (28 U.S.C.A. §§ 2201, 2202) seeking an adjudication of the question whether under the Collective Bargaining Agreement of August 2, 1962, between plaintiff and Metal Trades Council of New London County (the "Council"), it is obliged to arbitrate a certain grievance filed by defendant Local 1302, a member of the Council. The grievance is alleged to concern a dispute as to whether a transfer of certain work from plaintiff's shipyard in Groton, Connecticut, to its newly acquired yard in Quincy, Massachusetts, was a violation of Article XX of the Agreement. The key issue between the parties is found in the complaint wherein plaintiff alleges that "the grievance affects and involves employees in more than one trade or craft, that said grievance could be filed and processed only by the Metal Trades Council and, accordingly, that the Employer (plaintiff) was not obliged to arbitrate said grievance with the defendant." In addition to a declaration of rights, an injunction against arbitration is sought.

The trial court carefully reviewed the correspondence between the parties prior to the filing of the complaint and the affidavits of plaintiff, Local 1302 and the Council, denied the motion for a temporary injunction and dismissed the action "without prejudice to any possible later action to test the validity of the arbitrator's award." Plaintiff appeals from this

order and, also, seeks a stay pending appeal. All the necessary facts are before this court to dispose of the appeal.

 Plaintiff is concerned with the fact that the grievance affects employees in crafts other than in Local 1302 and relies in its refusal to arbitrate on the lack of a "proper demand for arbitration" by the Council. However, the designation by the Council of Local 1302 to handle the grievance "in the name of the Metal Trades Council of New London County" would seem to have been sufficient affirmative action to cure this alleged defect, if such it be. If there be any question of the authority of the Council to designate an agent to act for it, this matter can be resolved by the arbitrator. As to the obligation to arbitrate, plaintiff concedes by its averment in the complaint that, "an obligation to arbitrate said grievance could arise only if said grievance had been filed and processed by the Metal Trades Council."

 The Federal Mediation and Conciliation Service (FMC) on December 23, 1964, apparently declined to appoint an arbitrator because it believed that the Council, rather than Local 1302, exclusively, was affected. However, after the designation of Local 1302 by the Council to handle the arbitration "in its name," FMC appointed an arbitrator. Therefore, unless this authorization is proven to be without foundation, it would seem that the proceeding would go forward as if the grievance had been filed by the Council.

On oral argument, counsel for plaintiff expressed some doubt as to the breadth of the proceeding if limited to Local 1302 alone. This fear should be allayed if the proceeding is considered to be "in the name of" the Council. If the arbitrator finds that the authorization is without flaw, the arbitration as provided for in the Agreement between plaintiff and the Council should proceed and the effect of any decision be as broad as if the arbitration had been sought by the Council.

For these reasons and upon the opinion of the court below, the dismissal of the complaint and the denial of a temporary injunction by the court below are affirmed.