**BROTHERHOOD OF PAINTERS AND ALLIED TRADES OF AMERICA, GLAZIERS & GLASS WORKERS LOCAL UNION NO. 558, Appellee,**

v.

**LORD & BURNHAM CONSTRUCTION CORP., Appellant.**

**No. 82–1652.**

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1983.

Decided April 25, 1983.

George M. Bock, Richard F. Adams, Slagle & Bernard, P.C., Kansas City, Mo., for defendant-appellant.

John P. Hurley, Thomas B. Coffey, Jr., Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for plaintiff-appellee.

Before HEANEY, BRIGHT and ARNOLD, Circuit Judges.

PER CURIAM.

Lord & Burnham Construction Corporation (Lord & Burnham) appeals from the district court's order compelling arbitration of a labor dispute. At issue is whether the district court improperly required the parties to submit the question of the dispute's arbitrability to arbitration. We conclude that the district court failed to determine whether the dispute was arbitrable before ordering the parties to arbitrate. Accordingly, we reverse the order compelling arbitration and remand for further findings.

## I. *Background.*

In 1980, Lord & Burnham, a company which, among other things, contracts for the construction of greenhouses, entered into a collective bargaining agreement with the Brotherhood of Painters and Allied Trades of America, Glaziers & Glass Workers Local Union No. 558 (the Union). The agreement covered certain Missouri and Kansas counties in the Kansas City area. During 1980, two labor disputes arose between Lord & Burnham and the Union over wages paid by a subcontractor of Lord & Burnham. One dispute involved a construction site in Olathe, Kansas, and the other involved a construction site in Manhattan, Kansas. The Union alleged that at both sites the subcontractor paid workers less than union-scale wages, in violation of the terms of the Kansas City area collective bargaining agreement. On September 28, 1981, the Union brought an action to compel Lord & Burnham to submit the two disputes to arbitration pursuant to section 301 of the Labor Management Relations Act. 29 U.S.C. § 185 (1976).

Olathe is within the area explicitly covered by the Kansas City area contract, and Lord & Burnham has conceded the substance of the Olathe dispute by tendering the amount of the alleged wage underpayment to the Union. Manhattan, however, is within the Topeka area, which is covered by a separate collective bargaining agreement. Lord & Burnham is not a party to the Topeka area agreement. Article XVI of the Kansas City area contract provides for mandatory arbitration of disputes arising under the contract. The Topeka area contract does not contain a mandatory arbitration clause.

Article XIV of the Kansas City area contract provides as follows:

> The Individual Company agrees that when performing work in a territory covered by another glazing contract they shall abide by such contract. Where higher wage rates and/or fringe benefits exist, they will be abided by. Where lower wage rates and/or fringe benefits exist, it will be permissible to work local men hired at that rate.

The Union argues that Article XIV incorporates by reference the wages and subcontracting provisions of the Topeka area contract. Lord & Burnham disagrees with the Union's construction of Article XIV, arguing either that the Topeka area contract does not apply at all, or, in the alternative, that if it does apply, its permissive arbitration clause must be incorporated as well. Because the district court viewed the dispute as limited to the terms of Article XIV of the Kansas City area contract, it ordered submission of the issue to arbitration under the mandatory arbitration clause in the Kansas City area contract. Lord & Burnham appeals from that decision.[1]

## II. *Discussion.*

 Lord & Burnham argues that the district court improperly compelled arbitration without first determining whether the dispute was arbitrable. It is well settled that although courts must refrain from addressing the merits of labor disputes subject to arbitration, the arbitrability of a particular dispute is for the courts to decide. *See, e.g., United Steelworkers of America v. Warrior & Gulf Navigation Co.,* .363 U.S. 574, 582, 80 S.Ct. 1347, 1352–1353, 4 L.Ed.2d 1409 (1960) ("The Congress ... has ... assigned the courts the duty of determining whether the reluctant party has breached his promise to arbitrate."). Although the parties may specifically agree to submit questions of arbitrability to arbitration, *see, e.g., Alpha Beta Co. v. Retail Shoe Employees Union,* 671 F.2d 1247, 1250 (9th Cir. 1982), the Kansas City area contract's arbitration clause does not contain such an agreement. The question we must decide, therefore, is whether the district court's order in fact left the question of arbitrability for the arbitrator to decide.

---

1. This court granted a stay of arbitration pending appeal. *Brotherhood of Painters and Allied Trades of America, Glaziers & Glass Workers Local Union No. 558 v. Lord & Burnham Construction Corp.,* No. 82–1652 (8th Cir. July 21, 1982) (order granting stay pending appeal).

Both parties agree that resolution of the Manhattan dispute turns on the interpretation of the ambiguity in Article XIV. They disagree, however, as to the projected result that interpretation should render. According to Lord & Burnham, interpretation of Article XIV will determine the question of arbitrability. The Union, on the other hand, denies that arbitrability is an issue, and views Article XIV as simply a term of the Kansas City area contract subject to mandatory arbitration under Article XVI.

■ In *John Wiley & Sons v. Livingston,* 376 U.S. 543, 547, 84 S.Ct. 909, 913, 11 L.Ed.2d 898 (1963), the Supreme Court outlined two fact patterns presenting questions of arbitrability:

> The problem in [the *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, (82 S.Ct. 1318, 8 L.Ed.2d 1581) (1962), and *Steelworkers*] cases was whether an employer, concededly party to and bound by a contract which contained an arbitration provision, had agreed to arbitrate disputes of a particular kind. Here, the question is whether Wiley, which did not itself sign the collective bargaining agreement on which the Union's claim to arbitration depends, is bound at all by the agreement's arbitration provision. The reason requiring the courts to determine the issue is the same in both situations. The duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede judicial determination that the collective bargaining agreement does in fact create such a duty.

From our review of the facts underlying this appeal, it appears that the interpretation of Article XIV falls in the same category as the cases described by the Supreme Court. Lord & Burnham concedes that it is a party to the Kansas City area contract, but it does not concede that either the contract or its mandatory arbitration clause applies to the Manhattan dispute. In order for the Manhattan dispute to be arbitrable, it must first be found that the Kansas City area contract incorporated by reference the Topeka contract's wage and subcontracting provisions, but not its permissive arbitration clause. Under settled Supreme Court precedent, the district court, and not an arbitrator, must determine whether such a finding is justified.[2]

■ Upon reviewing the record, it is not clear whether the court considered the issue of arbitrability before rendering its order. The order itself states only that the parties disputed the meaning of Article XIV of the Kansas City area contract. Absent any language to indicate that the district court made a finding regarding arbitrability, we may not imply one. Accordingly, we hold that the district court failed to determine whether the dispute was arbitrable.

### III. *Conclusion.*

■ The district court's order compelling arbitration is hereby reversed, and the matter is remanded to the district court to determine whether the Manhattan dispute is arbitrable and to enter the appropriate judgment. We recognize that "federal judicial policy overwhelmingly favors arbitration of labor disputes[,]" *Iowa Beef Processors, Inc. v. Amalgamated Meat Cutters and Butchers Workmen,* 627 F.2d 853, 856 (8th Cir.1980), and that the arbitrator's decision, once rendered, must be upheld as long as it "draws its essence" from the collective bargaining agreement, *The Lackawanna Leather Co. v. United Food & Commercial Workers International Union, AFL–CIO & CLC, District Union No. 271, etc.,* 706 F.2d 228 (8th Cir. 1983), but that

---

2. Lord & Burnham also makes two other arguments on appeal: (1) that the district court should have interpreted Article XIV, because if the Topeka area contract turned out not to be incorporated, the district court would have no jurisdiction over the Manhattan dispute, and (2) that the district court's order was effectively an order improperly granting summary judgment, because genuine issues of material fact remained to be adjudicated. In view of our disposition on the issue of arbitrability, we need not reach these additional arguments. We note, however, that both additional arguments are basically reworkings of the arbitrability argument. Both rest on the premise that the district court, and not an arbitrator, should interpret Article XIV.

does not obviate the district court's responsibility to make the initial determination of arbitrability.

Reversed and remanded for further proceedings consistent with this court's opinion.