**BAKERY, LAUNDRY, ALLIED SALES DRIVERS AND WAREHOUSEMEN, LOCAL NO. 289, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; and Milk Drivers and Dairy Employees Union, Local No. 471, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Plaintiffs,**

v.

**METZ BAKING COMPANY, INC., Defendant.**

**No. Civ. 4–85–1580.**

United States District Court, D. Minnesota, Fourth Division.

Aug. 26, 1986.

Richard A. Williams, Jr., Hvass, Weisman & King, Minneapolis, Minn., for plaintiffs.

Robert L. Hobbins and Mark B. Rotenberg, Dorsey & Whitney, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiffs' objections to the report and recommendation of the United States Magistrate. The Magistrate's report and recommendation will be adopted as modified.

### FACTS

Plaintiffs are Bakery, Laundry, Allied Sales Drivers & Warehousemen, International Brotherhood of Teamsters, Local 289 (hereinafter Local 289) and Milk Drivers and Dairy Employees Union, Local 471, International Brotherhood of Teamsters (hereinafter Local 471). Defendant is Metz Baking Company, Inc., a Minnesota corporation (Metz). This is an action for breach of a collective bargaining agreement arising under section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185.

The collective bargaining agreement in question is a multi-employer agreement between plaintiffs and the Twin City Bakery Employers Labor Council (Employers Council). The Employers Council is composed of Metz, American Baking Co. (American), and Continental Baking Co. (Continental). Since 1971 the Employers Council has bargained jointly as a collective unit with plaintiffs. The subject collective bargaining agreement (hereinafter 1984 agreement) was ratified in 1984 and by its terms is effective June 1, 1984 to June 5, 1987.

Subsequent to ratification of the 1984 agreement a dispute arose concerning calculation of "net sales" during the period December, 1984 to December, 1985. The "net sales" computation provides a basis for determining driver sales commissions pursuant to the terms of the 1984 agreement. Local 471 initially sought arbitration of this dispute with all three employers. Following resolution of its claims against American and Continental, how-

ever, Local 471 pursued arbitration with Metz solely. When Metz resisted Local 471's demands to arbitrate, plaintiffs filed this action, seeking, *inter alia*, a Court order requiring Metz to proceed to arbitration. Subsequently, Metz brought a motion before the Magistrate to compel arbitration. By order dated March 31, 1986, the Magistrate granted defendant's motion to compel arbitration, while taking under advisement the question of "the identity and number of parties required to participate in the arbitration." Report and Recommendation 2. At issue was defendant's claim that pursuant to the terms of the 1984 Agreement plaintiffs were required to join all three employers as defendants in arbitration proceedings. Defendant sought an order directing plaintiffs to join American and Continental as defendants in this matter. Plaintiffs contended and contend that they are empowered to proceed against Metz solely.

In a report and recommendation dated May 9, 1986, the Magistrate recommended that plaintiffs be required to name American and Continental as parties to arbitration, and also recommended that this matter be dismissed without prejudice.[1] Plaintiffs now bring objections to the Magistrate's report and recommendation on the ground that the 1984 Agreement does not require joinder of American and Continental in arbitration proceedings.

## DISCUSSION

■ Although courts must refrain from addressing the merits of labor dispute subject to arbitration, the arbitrability of particular disputes is for the courts in the first instance. *Brotherhood of Painters and Allied Trades of America, Glaziers & Glass Workers, Local 558 v. Lord & Burnham Construction Corp.*, 705 F.2d 998 (8th Cir.1983). The operative principles holding sway in this area of the law were initially given voice in a series of cases known as the *Steelworkers Trilogy*,[2] and were recently reaffirmed in *AT&T Technologies, Inc. v. Communications Workers of America*, —— U.S. ——, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). In *AT&T* the Court construed the *Trilogy* as giving rise to four governing principles:

[1] arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit;

[2] the question of arbitrability—whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination;

[3] in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims;

[4] where the contract contains an arbitration clause, there is a presumption of arbitrability.

*See AT&T*, 106 S.Ct. at 1418–19.

Both parties characterize the issue before the Court as one of "arbitrability"—whether the relevant agreement creates a duty for the parties to arbitrate the particular grievance. An "arbitrability" issue gives rise to two subsidiary issues—(1) whether the relevant agreement includes a valid arbitration proviso, and if so (2)

---

**1.** Plaintiffs' objections to the report and recommendation indicate that plaintiffs object to that part of the report and recommendation which recommends dismissal of this matter without prejudice. Plaintiffs' brief is completely silent on this point, however. The Magistrate determined that compelled arbitration fully disposed of the matter, a conclusion which accords with plaintiffs' prayer for relief, wherein plaintiffs sought arbitration as an alternative to the other forms of relief requested. Complaint at 6. Because the Magistrate's recommendation is in accord with the procedural posture of the case, and because plaintiffs have failed to apprise the Court of the basis for their objections to the Magistrate's dismissal recommendation, the matter will be dismissed without prejudice.

**2.** *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

whether the dispute arising between plaintiffs and defendant falls within the parameters of that proviso. The parties do not dispute that the relevant agreement contains a valid arbitration proviso. Nor do the parties dispute that the "net sales" dispute fits squarely within the proviso. In fact, the parties are in complete agreement—the dispute presented by this litigation is arbitrable.[3]

■ Given this confluity of opinion, what then remains for decision by the Court? Simply nothing. Under the teaching of the *Steelworkers Trilogy*, the only issue with which the Court may concern itself in a motion to compel arbitration is the arbitrability of the dispute. The Court may not rule on the merits of the underlying claim. Here, the parties agree that plaintiffs' claims are arbitrable. As such, the Court's only recourse is to compel arbitration.

■ Upon close inspection, it seems clear that what the parties have characterized as an "arbitrability" issue is in fact a procedural issue. It is well accepted that once it is determined that a dispute is arbitrable, procedural questions which grow out of the

dispute and bear on its final disposition are for the arbitrator. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964); *Denhardt v. Trailways, Inc.,* 767 F.2d 687 (10th Cir. 1985); *Waverly Mineral Products Co. v. United Steelworkers of America, Local 8290,* 633 F.2d 682 (5th Cir.1980).[4] Among the kinds of procedural questions which the arbitrator may decide are issues of timeliness, *Local 198, United Rubber, Cork, Linoleum and Plastics Workers of America v. Interco, Inc.,* 415 F.2d 1208 (8th Cir. 1969); *Chambers v. Beaunit Corp.,* 404 F.2d 128 (6th Cir.1968); *Rochester Telephone Corp. v. Communication Workers of America,* 340 F.2d 237 (2d Cir.1965); *IBEW, Local 2022 v. Teletype Corp. Little Rock, Ark.,* 551 F.Supp. 676 (E.D.Ark. 1982); whether the grievant must explicitly plead all forms of appropriate relief, *Tobacco Workers, International Union Local 317 v. Lorillard Corp.,* 448 F.2d 949 (4th Cir.1971); whether the substantive issues may be taken directly to arbitration under a particular article of the collective bargaining agreement or whether they must first be taken through specified grievance procedures, *Amalgamated Meat Cutters*

3. Indeed, the Magistrate, by order dated April 1, 1986, granted defendant's motion to compel arbitration. Neither party appeals that decision. The procedural posture of this matter illustrates the point. Plaintiffs brought suit seeking, *inter alia,* an order compelling defendant to proceed to arbitration pursuant to the terms of the collective bargaining agreement. Defendant subsequently brought a motion to compel arbitration. Both parties demand arbitration. The only dispute, as discussed *infra,* is a procedural one—who are the parties requisite to arbitration.

4. A significant rationale for the substantive-procedural distinction drawn in *Wiley* is that ordinarily procedural questions cannot be resolved without consideration of the underlying merits of the dispute. *Wiley,* 84 S.Ct. at 918–19; Elkouri & Elkouri, *How Arbitration Works* 173. In *Wiley* the Court rejected the employer's argument that the union had failed to comply with grievance procedures which were alleged to be conditions precedent to arbitration. The Court held that such issues of "procedural arbitrability" must be decided not by the Court but by the arbitrator as a predicate to deciding the merits of the dispute. The Court stated:

> Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been fol-

lowed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration.

... Reservation of "procedural" issues for the courts would thus not only create the difficult task of separating related issues, but would also produce frequent duplication of effort.

In addition, the opportunities for deliberate delay and the possibility of well-intentioned but no less serious delay created by separation of the "procedural" and "substantive" elements of a dispute are clear.

*Wiley,* 376 U.S. at 557–58, 84 S.Ct. at 918–19.

Each of the policy concerns addressed by the *Wiley* Court are present here. Resolution of the issue of whether plaintiffs must name all three employers is closely entertwined with resolution of the underlying dispute, and requires the kind of contract interpretation for which the arbitrator is best suited. Court resolution of these issues would produce duplication of effort, and presents a significant opportunity for dilatory tactics and delay.

and Butcher Workmen of North America, Local 405 v. Tennessee Dressed Beef Co., 428 F.2d 797 (6th Cir.1970); whether the grievant has sufficiently complied with preliminary steps in the grievance procedure, *Local 748, International Union of Electrical, Radio and Machine Workers v. Jefferson City Cabinet Co.*, 314 F.2d 192 (6th Cir.1963); and whether the grievant is precluded by laches from proceeding with arbitration, *Local 542, International Union of Operating Engineers v. Penn State Construction, Inc.*, 356 F.Supp. 512 (M.D.Pa. 1973). Here, the claims raised by defendant are essentially procedural claims. Defendant contends that plaintiffs have failed to name as defendants the requisite parties, and that the presence of these parties in the litigation is a procedural requisite to arbitration. There is no dispute that American and Continental are subject to exactly the same arbitration proviso as is Metz and that to the extent plaintiffs' grievances lie against American and Continental as well as Metz, those grievances are arbitrable. Nor does defendant contend that the addition of American and Continental will in any way alter the substantive issues to be decided, *i.e.*, computation of "net sales." In fact, there does not presently exist any controversy whatsoever between plaintiffs and American or Continental, inasmuch as plaintiffs' claims against those employers have been amicably reconciled. As such, defendant's claims—that American and Continental must be named—are procedural niceties fit for resolution by the arbitrator. *See, e.g., Washington Hospital Center v. Service Employees International Union, Local 722*, 746 F.2d 1503 (D.C.Cir. 1984).

Issues relating to the identity of parties to arbitration proceedings have often been held to be "procedural" issues subject to decision by the arbitrator. For example, it has been held that it is for the arbitrator to decide whether multiple grievances involving the same parties are to be arbitrated before the same arbitrator or to be arbitrated separately. *Avon Products, Inc. v. UAW Local 710*, 386 F.2d 651 (8th Cir. 1967); *American Can Co. v. United Papermakers & Paperworkers, Local 412*, 356 F.Supp. 495 (E.D.Pa.1973); *American Sterilizer Co. v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America*, 341 F.Supp. 522 (W.D.Pa.1972). In such a case the issue is not whether the grievances are arbitrable, which is for the Court to decide, but rather how the arbitration should be conducted, which is for the arbitrator to decide. *Fitchburg Paper Co. v. MacDonald*, 242 F.Supp. 502 (D.Mass. 1965); Gorman, *Basic Text on Labor Law*, 567. Similarly, it has been held that the question of whether two grievants are entitled to file a grievance in common through one representative, or whether they must proceed separately, is one for the arbitrator in the first instance. *Tobacco Workers Local 317 v. Lorillard Corp.*, 448 F.2d 949 (4th Cir.1971); *Electric Boat Division, General Dynamics Corp. v. Local 1302, United Brotherhood of Carpenters and Joiners of America*, 242 F.Supp. 617 (D.Conn.1965), *aff'd*, 347 F.2d 230 (2d Cir. 1965).[5] In such a case the issue is not

---

5. In *Tobacco Workers,* the district court ruled that the identical complaints of individual grievants were arbitrable only as individual grievances and not as the grievances of a group of employees. The Fourth Circuit reversed, holding that:

> Whether a group of employees who have an identical complaint must each file separate grievances or whether they can instead, in the interest of administrative convenience, choose a representative to file a single grievance for the entire group is clearly a question of grievance procedure which arises as a collateral issue to the substantive claim in the grievance

and as such is a question to be decided by an arbitrator.

*Tobacco Workers,* 448 F.2d at 954. This case, like *Tobacco Workers,* presents a question of who may be a party to arbitration where the subject dispute is concededly arbitrable. In *Tobacco Workers,* the issue was whether a group of grievants could "as a matter of administrative convenience" designate a single representative to pursue their joint grievances. This case presents a converse issue, whether a single grievant may as a matter of convenience or for other reasons proceed against one of three signatories to a multi-employer bargaining unit.

whether the grievance is arbitrable, but rather how the arbitration should be conducted. In *Electric Boat* a multiunion bargaining unit appointed one of its constituent locals to represent it at arbitration involving employees in more than one craft or trade. The employer argued that the appointed local was not a proper party to arbitration. The issue presented was "who is the proper party to represent the grieved employees." *Electric Boat*, 242 F.Supp. at 619. The court determined that an issue of the proper parties to arbitration proceedings is a procedural question for the arbitrator in the first instance, *citing Wiley. Electric Boat*, 242 F.Supp. at 619. Here, as in *Electric Boat*, the only disputed issue has to do with the identity of the parties requisite to arbitration. This is a procedural matter impacting on how the arbitration should be conducted, not an issue of substantive arbitrability.

■ In this case there are simply no "arbitrability" issues to be decided. The parties fully agree that the dispute between them is arbitrable. The only questions relate to how the arbitration is to be conducted, that is, whether as a matter of contract interpretation plaintiffs are required to join all three employers in the action as a procedural requisite to arbitration. This quite clearly is an issue of "grievance procedure which arises as a collateral issue to the substantive claim in the grievance and as such is a question to be decided by an arbitrator." *Tobacco Workers*, 448 F.2d at 954.[6]

In conclusion, because the parties fully agree that the dispute between them is arbitrable, and the only remaining issue before the Court is a procedural one, the Magistrate's recommendation that the plaintiffs be required to promptly submit any and all claims raised in the complaint to arbitration will be adopted. The portion of the report and recommendation to which plaintiffs object—requiring plaintiffs to name American Baking Co. and Continental Baking Co. as defendants—will not be adopted. Whether these parties must be joined is for the arbitrator to decide.

Based on the foregoing, and upon the Court's independent de novo determination of the Magistrate's report, findings, and recommendation, and the Court finding itself in basic agreement with the report and recommendation,

IT IS ORDERED that:

1. plaintiffs' objections to the report and recommendation are overruled, except as noted in 3 below;

2. the Court adopts the report and recommendation, except as noted in 3 below;

3. plaintiffs are ordered to promptly submit any and all claims raised in the complaint to arbitration, pursuant to the arbitration provision of the collective bargaining agreement currently in effect; however, plaintiffs are not required to name American Baking Co. and Continental Baking Co. as parties thereto; and

4. this matter is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

As in *Tobacco Workers,* this procedural issue is a collateral issue ripe for arbitration.

**6.** The parties have elaborately parsed *Chicago Area Vending Employers Association v. Local Union No. 761, International Brotherhood of Teamsters,* 564 F.Supp. 1186 (N.D.Ill.1983), a case involving arbitration in a multi-employer bargaining unit context. The discussion in *Chicago Area Vending* is dictum inasmuch as the employer agreed to arbitrate in that case. Thus, no question of the proper parties to arbitration was before the court.