59 F.3d 166
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 COMMUNITY MOTORS PROPERTY ASSOCIATES LIMITED PARTNERSHIP,
Plaintiff-Appellee,
v.
McDEVITT STREET BOVIS, INCORPORATED, formerly known as
McDevitt & Street Company, Incorporated,
Defendant-Appellant.
 No. 94-1949.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1995
Decided June 22, 1995
 
 Edward Graham Gallagher, WICKWIRE GAVIN, P.C., Vienna, VA, for appellant.
 Joseph Severino Luchini, HAZEL & THOMAS, P.C., Falls Church, VA, for appellee.
 Before HALL, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 McDevitt Street Bovis, Incorporated (McDevitt Street) appeals a decision of the district court granting the request of Community Motors Property Associates Limited Partnership (Community) to compel arbitration between the parties. McDevitt Street asserts that the district court lacked jurisdiction to order the parties to arbitration because Community failed to allege and prove that complete diversity existed between the parties. It also maintains that the district court erred in holding that the issue of whether Community's demand for arbitration was timely should be determined by the arbitrators rather than the court. We affirm.
 
 I.
 
 2
 Community owns a high-rise office building in Bethesda, Maryland. McDevitt Street is the corporate successor to McDevitt & Street Company, Incorporated, the construction company that built the building. Although the building was substantially completed in June 1986, Community filed a demand for arbitration in August 1993, claiming $1.75 million in damages for defects in the building. After McDevitt Street moved to stay the arbitration proceedings in state court, Community petitioned the United States District Court for the District of Maryland to compel arbitration under Sec. 4 of the Federal Arbitration Act (FAA), 9 U.S.C.A. Sec. 4 (West 1970). Asserting jurisdiction based upon diversity of citizenship, Community alleged that it was a Maryland limited partnership with its principal place of business in Maryland and that McDevitt Street was a Florida corporation with its principal place of business in North Carolina.
 
 
 3
 McDevitt Street filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), arguing that Community had failed to allege facts upon which subject matter jurisdiction could be based. In response, Community filed a document entitled "Supplemental Reply ... To Defendant's Motion To Dismiss Pursuant To Rule 12(B)(1)" (the "Supplemental Reply"). This document listed Community's general and limited partners and their "states of residence." Assuming that the citizenship of the partners was the same as their listed residences, complete diversity existed between the parties.
 
 
 4
 Thereafter, the district court denied McDevitt Street's motion to dismiss. Citing Carden v. Arkoma Associates, 494 U.S. 185 (1990), the court acknowledged that for purposes of establishing diversity of citizenship, a limited partnership is a citizen of every state of which one of its partners is a citizen, and thus "a complaint involving a limited partnership must set forth the citizenship of each member in order to establish diversity." The court concluded that although Community's complaint did not properly allege diversity of citizenship, McDevitt had consented to an amendment of the complaint to permit Community to do so and that the Supplemental Reply filed by Community "set forth the citizenship of every limited and general partner to the limited partnership and the citizenship of all partners of partnerships which comprise the limited partnership." The court then considered the Supplemental Reply as a motion to amend the complaint, granted the motion, and deemed the complaint to allege complete diversity between the parties.
 
 
 5
 Community subsequently filed a motion for summary judgment, arguing that it was entitled to an order compelling arbitration as a matter of law; this motion did not address jurisdiction. McDevitt Street filed an opposition asserting that Community had failed to establish the diversity of the parties and therefore to demonstrate that jurisdiction was present; that because the demand for arbitration was not timely, McDevitt Street could not be required to arbitrate; and that the question of the timeliness of the demand was one to be decided by the court. Rejecting McDevitt Street's argument that the question of whether the demand for arbitration was timely should be decided by the court rather than by the arbitrators, the district court granted summary judgment to Community and ordered that the parties proceed to arbitration.
 
 
 6
 McDevitt Street then filed a motion to alter or amend the judgment, requesting that the district court reconsider its decision on the basis that Community had not shown that complete diversity existed between the parties. In opposition, Community filed answers to certain interrogatories propounded by McDevitt Street to Community and signed by Paul B. Abrams, the general partner of Community. One of these questions asked Community to identify, as of the date the complaint was filed, "the citizenship of any of the natural persons named in the Exhibits to [the Supplemental Reply that] was different from his or her 'state of residence' as listed in the [Supplemental Reply]." Community's response indicated that the citizenship of the partners was the same as that of the residences listed in the Supplemental Reply.
 
 
 7
 The district court rejected McDevitt Street's argument that subject matter jurisdiction based on diversity of citizenship was lacking. The court reasoned that McDevitt Street's first challenge to jurisdiction, in its motion to dismiss, had raised the issue as a "facial" attack on whether Community had properly pled diversity and that McDevitt Street's subsequent challenge, in its opposition to summary judgment, had raised the issue as a "factual" challenge. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). The district court held that in asserting a factual challenge, McDevitt Street was required to present some evidence that jurisdiction was lacking and that it had presented no such evidence. Thus, the court concluded that it had jurisdiction to enter summary judgment in favor of Community.
 
 II.
 
 8
 McDevitt Street first asserts that the district court erred in failing to place the burden of demonstrating diversity on Community and in concluding that jurisdiction over the subject matter was present.* We disagree. The Supplemental Reply and the answers to interrogatories submitted by Community provided ample evidence of the citizenship of the parties for the district court properly to have concluded that jurisdiction was present. Accordingly, the district court did not err in placing the burden of production on McDevitt Street to show that some factual dispute over the citizenship of the parties existed. Cf. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991), cert. denied, 112 S.Ct. 1667 (1992). McDevitt Street utterly failed to make any factual showing that diversity was lacking. Thus, we reject McDevitt Street's assertion that the district court lacked jurisdiction over the subject matter of the litigation.
 
 III.
 
 9
 McDevitt Street also maintains that it was not required to arbitrate because Community's demand for arbitration was not timely and that the district court erred in holding that the question of timeliness was one for the arbitrators to decide. The principal purpose of the FAA is to ensure that courts enforce private arbitration agreements according to their terms. Mastrobuono v. Shearson Lehman Hutton, Inc., 115 S.Ct. 1212, 1216 (1995); Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989). And, neither this purpose nor the pro-arbitration policy the FAA fosters is demeaned by an agreement of the parties to arbitrate only certain issues or under specified rules. Mastrobuono, 115 S.Ct. at 1216; Volt, 489 U.S. at 478-79. Rather, the goals of the FAA are furthered when courts enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms. See Mastrobuono, 115 S.Ct. at 1216; Volt, 489 U.S. at 476. Thus, in resolving whether the arbitrators or the court should decide whether the demand for arbitration was timely, the dispositive issue is the intention of the parties as expressed in their contract. Mastrobuono, 115 S.Ct. at 1216; see also First Options of Chicago, Inc. v. Kaplan, No. 94-560, 1995 WL 306184, at * 4 (May 22, 1995).
 
 
 10
 The arbitration clause in the contract between the parties provides that "[a]ll claims, disputes and other matters in question between the [parties] arising out of, or relating to, the [contract] ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise." This provision, by its terms, plainly is broad enough to encompass a dispute concerning the timeliness of a demand for arbitration under the agreement. However, McDevitt Street asserts that this provision may not be given its plain meaning because another provision in the contract, the choice-of-law provision, states that the contract "shall be governed by the law of the place where the Project is located." McDevitt Street notes that under Maryland law, the question of whether a demand for arbitration is timely is a threshold question for the court, see Town of Chesapeake Beach v. Pessoa Constr. Co., 625 A.2d 1014, 1016 (Md.1993), and therefore--having agreed that Maryland law applies--the parties have not agreed to submit this issue to arbitration, but instead have determined that the court should resolve the timeliness of the demand.
 
 
 11
 We conclude that, read together, these provisions at most create ambiguity concerning whether the contract requires that disputes over the timeliness of a demand for arbitration should be decided by the arbitrators or a court. See State, Dept. of Economic & Community Dev. v. Attman/Glazer P.B. Co., 594 A.2d 138, 144 (Md.1991) ("The test of ambiguity is whether, considering the character of the contract, its purpose, and the facts and circumstances of the parties at the time of execution, the language used in the contract, when read by a reasonably prudent person, is susceptible of more than one meaning.") (citations & internal quotation marks omitted); First Options, 1995 WL 306184, at * 4 ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally ... should apply ordinary state-law principles that govern formation of contracts."). Having concluded that the contract is ambiguous concerning whether the question of timeliness was arbitrable, we apply a presumption resolving the doubt in favor of arbitration. Id. at * 5; see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) ("The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Since the parties have not unambiguously agreed that the question of the timeliness of the demand for arbitration falls outside the arbitration agreement, the dis trict court properly concluded that this question is one for the arbitrators.
 
 AFFIRMED
 
 
 *
 We need not address McDevitt Street's assertion that Community failed to properly plead diversity of citizenship because McDevitt Street admitted below in its opposition to Community's motion for summary judgment and in the memorandum supporting its request for reconsideration of the grant of summary judgment that Community's amended complaint had properly pled jurisdiction. Further, even if McDevitt Street had not waived this argument, it is irrelevant in view of our conclusion below that the district court properly found complete diversity of the parties to exist