**ADM INVESTOR SERVICES, INC., a Delaware corporation, Plaintiff,**

v.

**INVESTORS EQUITY LIFE INSURANCE COMPANY OF HAWAII, LTD., a Hawaii corporation, Defendant.**

No. 95 C 4177.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 6, 1995.

Timothy C. Klenk, Lawrence R. Samuels, Jerome Kiley Bowman, Ross & Hardies, P.C., Chicago, IL, for plaintiff.

Howard Schiffman, Kenneth L. Adams, Katherine J. Henry, Dickstein, Shapiro & Morin, Washington, DC, Martin J. Dubowsky, Martin J. Dubowsky, Ltd., Chicago, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Plaintiff, ADM Investor Services, Inc. ("ADMIS") filed a complaint against defendant, Investors Equity Life Insurance Company of Hawaii, Ltd. ("IEL"), on July 19, 1995 requesting a declaratory judgment that IEL may not prosecute a previously commenced arbitration action against ADMIS. Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. IEL has filed a motion to dismiss the complaint. For the following reasons, IEL's motion is granted.

### *Background*

ADMIS, a Delaware corporation with its principal place of business in Chicago, Illinois, buys and sells financial and commodities futures contracts on behalf of its customers and provides execution and clearing services for those customers. IEL is a Hawaii corporation and has its principal place of business in Honolulu, Hawaii. Presently, IEL is being liquidated by Hawaii's Insurance Commissioner.

In March, 1994, ADMIS and IEL entered into an agreement pursuant to which ADMIS would execute and clear orders for financial futures contracts placed by · IEL. This agreement contained a clause specifying that the parties agreed to arbitrate

[a]ny controversy between [ADMIS] and Customer arising out of or related to Customer's account, or to an agreement or the breach thereof ... Any proceeding must be commenced within one year after the transaction or occurrence complained of, regardless of the date of discovery of the alleged injury.

In accordance with the agreement, between March 11 and June 14, 1994, ADMIS executed and cleared IEL's orders for financial futures contracts.

IEL filed a demand for arbitration dated June 23, 1995 with the American Arbitration Association ("AAA") in Honolulu, Hawaii, and ADMIS was served with the demand on that day. The case was assigned number 78–113–0068–95 (the "Arbitration Case"). On June 29, 1995, ADMIS received a letter from the AAA addressed to the "Parties" acknowledging receipt of IEL's arbitration demand and requesting that ADMIS answer the demand, or it would "assume that the claim is denied," and that it be informed of objections to the enclosed roster of potential arbitrators, or all the names listed would be deemed acceptable. ADMIS subsequently filed and served on IEL's counsel its "Objections to Demand for Arbitration" in which it stated that (1) IEL had no right to assert the claims raised in its demand for arbitration because IEL was in liquidation and (2) IEL did not comply with the provision of the arbitration clause requiring claims to be commenced within one year after the transaction in question. The Arbitration Case is still pending. On July 13, 1995, IEL's liquidator and IEL filed a lawsuit in Hawaii state court based on the same events as the Arbitration Case.

In its complaint in this court, ADMIS seeks a declaration that IEL may not proceed with the Arbitration Case on the grounds stated in its Objections to Demand for Arbitration. ADMIS claims that IEL's liquidation prevents it from arbitrating the dispute (objection number one) because only its liquidator is capable of asserting the claims set forth in IEL's demand for arbitration. ADMIS also alleges that the Arbitration Case was not timely filed because it was initiated more than one year after its last transaction with IEL in violation of the parties' agreement (objection number two).

### Whether the Issues Raised by the Complaint are for the Court or the Arbitrator to Decide

ADMIS does not contest that the issues raised in the Arbitration Case are not arbitrable under its agreement with IEL. ADMIS only argues that IEL should not be permitted to arbitrate on the grounds that (1) IEL failed to comply with the parties' agreement by filing its demand for arbitration more than one year from their final transaction; and (2) the Hawaii Insurance Code provides that the liquidator rather than IEL must seek arbitration.

[O]nce it is determined that the underlying dispute concerns a subject matter covered by arbitration provisions, the court's only role is to order arbitration. The arbitrator should determine the effect of any "procedural shortcomings" of either party.

*Niro v. Fearn International, Inc.*, 827 F.2d 173, 176 (7th Cir.1987). Issues within the arbitrator's province include whether the arbitration proceeding was timely initiated in light of the procedures set forth in the parties' agreement, *Beer, et al., Local Union No. 744 v. Metropolitan Distributors, Inc.*, 763 F.2d 300, 303 (7th Cir.1985); and whether the arbitration proceeding involves the proper parties, *Daiei, Inc. v. United States Shoe Corp.*, 755 F.Supp. 299, 303 (D.Hawaii 1991); *Bakery, Laundry, Allied Sales Drivers and Warehousemen Local No. 289 v. Metz Baking Company, Inc.*, 641 F.Supp. 790, 794–95 (D.Minn.1986).[1]

---

**1.** At one place in its response brief (p. 8 n. 6), ADMIS contends that it is not merely asserting that IEL is not a proper party to initiate the arbitration. But that is precisely what ADMIS argues as indicated by its statement that "IEL had no standing to demand arbitration against ADMIS under the arbitration clause in the customer agreement between ADMIS and IEL. Only its liquidator could do so." Response Brief, p. 5. The argument that IEL is not the proper party but the liquidator is simply relates to "the identity of the parties requisite to arbitration." *Bakery, Laundry, Allied Sales Drivers and Warehousemen, Local No. 289 v. Metz Baking Company, Inc., supra,* 641 F.Supp. at 795.

818

ADMIS argues that its complaint creates a question of arbitrability which this court is to decide. The Supreme Court has explained that arbitrability concerns whether parties have agreed to arbitrate the merits of their dispute. *First Options of Chicago, Inc. v. Kaplan,* —— U.S. ——, ——, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). The parties in *First Options* disagreed as to whether they consented to arbitrate the subject of their dispute, and the Court's discussion addressed who, the court or the arbitrator, must decide that question. The Court held that unless parties agree to submit the arbitrability question to arbitration, it is the duty of the court to decide the issue. *Id.* at —— —— ——, 115 S.Ct. at 1925–26.

Similarly, in *International Brotherhood of Teamsters, Local Union No. 371 v. Logistics Support Group,* 999 F.2d 227, 228 (7th Cir. 1993), the plaintiff Union alleged that the defendant refused to submit a dispute to arbitration as required by the parties' collective bargaining agreement. The court's analysis was limited to whether the parties agreed to arbitrate the subject matter of their controversy. In contrast to the cases cited by it, in this case ADMIS concedes that it agreed to arbitrate the subject matter of its present dispute with IEL. Consequently, there is no issue of arbitrability for me to resolve.

ADMIS contends that deciding whether the demand for arbitration was filed in a timely manner and by the correct party may involve the application of what it labels "extrinsic law," a phrase that it seemingly uses to mean any authority external to the arbitration agreement. As a result, ADMIS argues, resolution of these questions is within the court's domain. Arbitrators routinely decide issues requiring the application of "extrinsic law." *See e.g. Snap–On Tools Corporation v. Vetter,* 838 F.Supp. 468, 473 (D.Mont.1993) (whether Montana law nullifies limitation period in arbitration clause was question for arbitrators); *Community Motors Property Associates Limited Partnership v. McDevitt Street Bovis, Incorporated,* No. 94–1949, 1995 WL 371424, *4 (4th Cir. June 22, 1995) (question of Maryland law was for arbitrators).

*Conclusion*

For the foregoing reasons, IEL's motion to dismiss ADMIS' complaint is granted.